UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| DEANNA BROWN-THOMAS, an individual; YAMMA BROWN, an individual; VENISHA BROWN, an individual; MICHAEL D. BROWN, an Individual; NICOLE C. BROWN, an individual; JEANETTE MITCHELL BELLINGER, an Individual; SARAH LATONYA FEGAN, an Individual; CIARA PETIT, an individual; and CHERQUARIUS WILLIAMS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TOMMIE RAE HYNIE, a.k.a. TOMMIE RAE BROWN, an individual; JAMES J. BROWN, II, an Individual; RUSSELL L. BAUKNIGHT, as the Personal Representative of the Estate of James Brown And Trustee of The James Brown "I Feel Good" Trust; DAVID C. SOJOURNER, JR., as the Limited Special Administrator of the Estate of James Brown and Limited Special Trustee of The James Brown and Limited Special Trustee of The James Brown "I Feel Good" Trust; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 1:18-cv-02191-JMC<br><br>**DEFENDANTS TOMMIE RAE BROWN AND JAMES BROWN, II'S MOTION TO STAY AND MEMORANDUM OF POINTS AND AUTHORITIES** |

Pursuant to Fed. R. Civ. P. 7 and 25 and Local Civ. Rule 16 (D.S.C.), Defendants Tommie Rae Brown and James Brown, II, a minor by and through his court appointed Guardian ad Litem, (hereafter the "Brown Defendants") respectfully request this Court stay discovery, the deadlines, and the entry of scheduling orders in this case pending the disposition of their dispositive motions to dismiss (Doc. 81 and Doc. 101), the substitution of the late Plaintiff Venisha Brown's estate for her, and the final determination of Defendant's status as the surviving spouse in the state courts of South Carolina. Defendant requests that the Court exercise its discretion to stay this action pending resolution of these issues. Plaintiffs seek to impose a heavy burden on Defendants and the Court. Plaintiffs, in contrast, will not be harmed

by a stay while the issues raised in this motion are resolved. A stay of this action is warranted in the interests of justice, as set forth below.

I.    Introduction

Plaintiffs' case is based on an assumption that Tommie Rae Brown ("Mrs. Brown") is the surviving spouse of James Brown ("Mr. Brown"). Unless she is the surviving spouse, this case is moot. The issue of whether she is the surviving spouse is pending in South Carolina state courts, where some of the plaintiffs have been contesting her status as surviving spouse — a position in direct contradiction to the assumption they ask this Court to make in this case. Plaintiffs should not be allowed to take these inconsistent positions and yet insist that this Court waste its valuable time and resources before a final determination in state court about Mrs. Brown's status.

The second ground for a stay is that Plaintiff Venisha Brown has died and her estate has not been substituted for her as a party.

Plaintiffs have taken diametrically opposite positions in the James Brown state estate litigation ("Estate Litigation") and before this Court. In the Estate Litigation, some plaintiffs appealed the trial court finding that Mrs. Brown is the surviving spouse of the late Mr. Brown. In a lengthy opinion, the South Carolina Court of Appeals affirmed the Aiken County Court of Common Pleas (Exhibit A). Upon losing at the South Carolina Court of Appeals, those plaintiffs petitioned for rehearing as well as an en banc hearing, which the Court of Appeals denied on October 10, 2018 (Exhibit B). Plaintiffs assume for purposes of this case only (Exhibit C. Doc. 1, para. 10) that Mrs. Brown is the surviving spouse of Mr. Brown, even though they take every opportunity to denigrate the state court decision as "unsupported by law or fact." (*Id.* para. 7, 10, 11) They also question whether Mrs. Brown's son, James Brown, II ("JB II"), is really Mr. Brown's son (*Id.* para. 10*)* even though he took two DNA tests — one in accordance with the

protocol established by the state court — establishing Mr. Brown's paternity and even though the state court has ruled that Mr. Brown is his father (collectively Mrs. Brown and JB II are referred to as the "Brown Defendants").

Any petition for a writ of certiorari to review the decision of the court of appeals is due this month. (S.C. App. R. 221). Mrs. Brown's status will not be final on the merits and not be subject to further review unless and until: (a) neither those plaintiffs nor another appellant not a plaintiff here (their brother, Terry Brown) file a petition for a writ; (2) or if a writ is sought, it is denied; (3) or if a writ is granted, the Court of Appeals decisions are upheld by the South Carolina Supreme Court (and assuming the South Carolina Supreme Court denies any petition for rehearing). Because the surviving spouse decision is a state law issue raising no federal questions, it cannot be reviewed by the United States Supreme Court. *See* 28 U.S.C. 1257 (only federal issues may be reviewed).

Accordingly, the Brown Defendants request that the Court grant a stay of all proceedings until a final decision of Mrs. Brown's status as Mr. Brown's surviving spouse is final and not subject to further review.

**II.     Relevant Background for the Motion**

Plaintiffs' copyright claim and supplemental state law claims, asserting various breaches of duty, are entirely dependent on Mrs. Brown being Mr. Brown's surviving spouse. By assuming Mrs. Brown is the surviving spouse, Plaintiffs also necessarily concede that she is vested with 50% of Mr. Brown's "termination interest" under the Copyright Act. 17 U.S.C. 203 (a) (2) (A) & (B). When JB II's aliquot share of the other 50% interest allocated to the surviving children or grandchildren of Mr. Brown (*See Id.*) is added to Mrs. Brown's 50%, the Brown Defendants control a majority of the termination interests (*See* 17 U.S.C. 203 (a) (1)) and may exercise or not exercise any termination rights in their discretion.

As the putative heirs controlling "more than one-half of [Mr. Brown's] termination interest," the Brown Defendants since 2013 have terminated grants to Warner Chappell Music, Inc. ("WCM"), its predecessors in interest, or others for 138 of Mr. Brown's songs. By agreement of February 22, 2016, among the plaintiffs (referred to as "Toberoff Clients"), Mrs. Brown, JB II, Warner-Tamerline Publishing Corp. ("WTPC"), and WCM., the terminated rights in five songs were reassigned to WCM, with aliquot payments made to the Brown Defendants and plaintiffs. Although the Complaint casts aspersions on the Brown Defendants terminations in 2013 and reassignment agreement as of 2016 (*See* Doc. 1 para. 50-53), asserting violations of non-existent notice duties under the copyright act, the plaintiffs were parties to the 2016 reassignment agreement and were all paid their aliquot shares of the proceeds of those transactions, and executed releases of the Brown defendants for any and all liability arising from those transactions. Plaintiffs were part of that agreement, got paid their rightful share, and released the Brown Defendants. Thus, the Complaint makes no claim for the reassignment, which is the only one that has occurred to date.

The Complaint is nothing but specious speculation concerning what the Brown Defendants may or may not due with the other 133 terminations since 2013 and any future terminations. Although the complaint is replete with imaginary violations of the Copyright Act and state law breaches of duty (See*, e.g.,* Doc. 1 para*.* 58), it fails to allege any facts demonstrating a violation of the Copyright Act. *See, e.g., id., paras. 59-63).* For example, plaintiffs claim that any assignment of potential proceeds from future termination rights unlawfully encumbers plaintiffs' termination rights as statutory heirs. (*Id., para 59*) This fallacious allegation is undermined by the Copyright Act, which in relevant sections does not

4

even mention let alone make assignment of prospective proceeds unlawful. Plainly, a statutory heir may assign anticipated proceeds if and when they are received.

That a statutory heir may do so is confirmed by the fact that plaintiffs themselves have done so on at least two occasions. First, plaintiffs were parties to a 2009 global settlement agreement in which they assigned the prospective proceeds from their termination interests.[1] Second, upon information and belief, plaintiffs have entered into a fee agreement with plaintiffs' counsel in which they effectively assign a significant percentage of their termination interest proceeds and, moreover, agree not to otherwise assign or encumber their interests without the permission of their counsel.[2]

Consequently, plaintiffs want to waste this Court's valuable time and resources to argue that the Brown Defendants cannot do what plaintiffs themselves have done twice and for this Court to do so before the Brown Defendants have any controlling interest under the Copyright Act, which the Brown Defendants will not have unless and until there is final confirmation of Mrs. Brown's status as surviving spouse in state court.

Defendants concede that Mrs. Brown has agreed to contribute 65% of any proceeds she may receive to fund Mr. Brown's charitable trust. Nothing in the Copyright Act or state law prohibits this contribution agreement.

### III. Argument

    **A. A stay should be granted to prevent the Court from making a decision that could be undermined by the South Carolina Supreme Court and to prevent this Court from wasting its time and resources**

---

[1] That settlement was overturned by the South Carolina Supreme Court in *Wilson v. Dallas*, 743 S.E.2d 746 (S.C. 2013), but not for any Copyright Act reasons.

[2] The Brown Defendants base their belief on a fee agreement, proposed by plaintiff's counsel to Mrs. Brown in 2013, among plaintiffs, Mrs. Brown, and plaintiffs' counsel. Of course, Mrs. Brown refused the offer to be represented by plaintiffs' counsel. (Exhibit D.)

Plaintiffs are asking this Court about the applicability of the Copyright Act to speculative or imaginary future transactions that they claim unlawfully encumber their aliquot share of the Non-Widow termination rights. The Brown Defendants have a majority of Mr. Brown's termination interests as his surviving spouse and son only if Mrs. Brown is ultimately determined to be his surviving spouse. The complaint in essence alleges that as holders of this majority interest, the Brown Defendants violated the Copyright Act and state law by entering into an agreement to contribute termination interests and/or proceeds to the Estate. If the trial court decision is upheld (or a petition for a writ of certiorari to review the Court of Appeals affirmance of the trial court is not timely filed or is denied), this Court will then have to engage in a complicated analysis of the Copyright Act on Defendants' 12 (b) (1) motions—i.e., whether the Act voids pre-vesting assignment of termination rights as plaintiffs allege, or whether the Act may, depending on future developments, render any such pre-vesting assignment of termination rights ineffective against the rights of statutory heirs at the time the rights may be exercised as alleged by the Brown Defendants.

If, on the other hand, the South Carolina Supreme Court reverses the decisions below, and finds that Mrs. Brown is not the surviving spouse, then plaintiffs' complaint is rendered nugatory for two reasons: First, because Mrs. Brown would have no power to do anything; and second, because 100% of the termination rights would be vested in the Non-Widow Statutory heirs, including plaintiffs and JB II.

For this Court to embark on a speculative exercise to decide plaintiffs' posed questions before the final state court determination of Mrs. Brown's spousal status is a complete waste of the time and resources of this Court. Plaintiffs are asking this Court to speculate now about what will not even be possible in the future if Mrs. Brown is determined not to be the surviving spouse

in state court. There is no harm in this Court waiting until the state court determination is final, and there is every harm in expending the time and resources of this Court — and of the Defendants — in deciding what is now a purely speculative issue. If those plaintiffs involved in the state court appellate process in fact do seek a writ of certiorari, they will be asking this Court to hurry up and speculate at their command while they themselves are delaying and rendering uncertain the issue of Mrs. Brown's spousal status in state court. Plaintiffs will suffer no prejudice from a stay.

Quoting the United States Supreme Court, the Fourth Circuit Court of Appeals has recognized that a case is not ripe for adjudication "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Scoggins v. Lee's Crossing Homeowner's Association*, 718 F.3d 262, 270 (4th Cir. 2013), *citing Texas v. United States*, 523 U.S. 296, 300 (1998). In *Scoggins*, the Fourth Circuit concluded that an action contesting a purported refusal by a homeowner's association to an owner's request for a wheelchair ramp was not ripe because the refusal was not final when the lawsuit was filed. This is exactly the situation in this case: unless and until Mrs. Brown is finally determined to be the surviving spouse — a determination contested in state court by some plaintiffs — plaintiffs' case rests on a contingent future event that may not occur, in which case she has no control over any termination rights and any court resources expended in the meantime will have been wasted. Nor will plaintiffs in this case experience any hardship or immediate harm if the Court waits until the case is ripe before commencing an adjudication. *See Scoggins*, at 269-270, *citing, inter alia, Landsdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Landsdowne, LLC*, 713 F.3d 187, 195 (4th Cir. 2013); *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006). *See also Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726 (1998) (holding environmental group's

claim not ripe when permission to engage in logging has not yet been granted); *Doe v. Va. Dep't of State Police*, 713 F.3d 745 ("Where an injury is contingent upon a decision to be made by a third party, it is not ripe as the subject of a decision in a federal court," citing *Franks v. Ross,* 313 F.3d 184, 195 (4th Cir.2002), *Charter Fed. Sav. Bank v. Office of Thrift Supervision,* 976 F.2d 203, 208–09 (4th Cir.1992))*.

The ripeness requirement protects judicial economy by limiting the occasion for federal court jurisdiction and the unnecessary expenditure of time and resources. See Erwin Chemerinsky, Federal Jurisdiction (7th ed.) at 127. Plaintiffs want this Court to serve at their personal command, spending valuable Court time and resources considering a supposition that may never occur.[1]

This policy of careful protection of judicial resources is demonstrated by Local Rule 16:00(C), which provides for a stay as follows:

> *Stay of Deadlines and Entry of Scheduling Orders.* The Court may stay entry of the scheduling order(s) and all Federal and Local Civil Rule disclosure and conference requirements pending resolution of a motion to remand or to dismiss or other dispositive motion. Any party desiring a stay on this basis shall file a separate motion to stay which shall attach a proposed order. No consultation or separate memorandum is required.

This rule is based on the same policy of limiting the waste of court resources until dispositive motions, such as motions to dismiss are resolved.[2]

Moreover, plaintiffs bear the burden of proving ripeness. *Doe, supra.*

Consequently, to avoid having any decision based on a non-final ruling on the surviving spouse issue undermined, the Court should grant a stay.

---

[1] Presumably as one goal to obtain discovery to which they are not entitled and for which they have been denied three times — one by Judge Wilson in this very case. See Defendants' Motions to Dismiss (Docs. 80, 81, 85, 101).

[2] Defendants have filed motions to dismiss based on several grounds, which are still pending before this Court.

### B. A stay should be granted pending this Court's decision on the Defendants Brown's Motions to Dismiss

The Brown Defendants' Motions to Dismiss (Docs. 81 and 101) should be heard before any discovery is commenced in this case. In their motions, the Brown Defendants assert that: (1) the Court lacks subject matter jurisdiction because: (a) there is no diversity jurisdiction because several Plaintiffs and Defendants reside in South Carolina; (b) Plaintiffs' claims do not arise under federal law, but rather are common law claims arising under state law; and (c) Plaintiffs' claims are not ripe because the South Carolina state court ruling that Mrs. Brown is James Brown's surviving spouse is currently being appealed by some of the Plaintiffs in the South Carolina appellate courts, and until there is a final ruling, there is no ripe controversy or claim alleged herein for this Court to resolve. Fed. R. Civ. Proc. 12(b)(1); (2) Plaintiffs' First Claim for Relief for declaratory relief fails to state a claim upon which relief may be granted because it consists of only vague, conclusory allegations that do not comply with federal court pleading standards and because there is an alternative plausible theory for the conspiracy alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); Fed. R. Civ. Proc. 8, 12(b)(6); and (3) service of process on the Tommie Rae Brown Defendant was insufficient because the attempted service by leaving the papers in a London, England mailbox is not valid under Rule 4 of the Federal Rules of Service of Process or the Hague Convention for Service of Judicial and Extrajudicial Documents. Fed. R. Civ. Proc. 12(b)(5). The facts and argument set forth in Defendants' motions are incorporated herein.

### C. A stay should be granted until the estate of Venisha Brown has been substituted as a party

Plaintiff Venisha Brown died on September 23, 2018. Presumably, her estate would now have whatever rights that she had in this action before her death. Fed. R. Civ. Proc. 25 requires

9

the substitution of her estate for her, and requires a stay until that is accomplished. Rule 25(a)(2) provides: "After a party's death, if the right sought to be enforced survives *only* to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties" (emphasis added). Because Venisha Brown's estate would own any rights she had in this action, the remaining plaintiffs are not the *only* remaining parties, and consequently the action cannot proceed *only* to or for the remaining plaintiff parties, but must be stayed until an estate is created for Venisha Brown and it is substituted for her in this action.[3] See *Wilcox v. Ozmint*, not reported in F. Supp. 2d (D.S.C. 2012) (2012 WL 1416520) (court imposing temporary stay on discovery pending opening of estate and substitution of parties); *Wallace v. Community Radiology*, slip copy (S.D. W. Va. 2016) (2016 WL 10570918) (purpose of Rule 25(a)(1) is to protect deceased party's estate).

Consequently, Tommie Rae Brown and James Brown II ("Brown Defendants") request that this Court grant a stay of all proceedings until Venisha Brown's estate[4] is substituted for her as a plaintiff in this action.

**IV.    Conclusion**

Counsel for the Brown Defendants affirm that this motion is being filed after a conference with the relevant parties and a good faith attempt was made to resolve the matter contained in this motion.

The Brown Defendants respectfully request that this Court grant a stay until their Motions to Dismiss have been ruled upon, an estate for Venisha Brown is opened and substituted

---

[3] Any authority by her attorney-in-fact under any power of attorney expired upon her death.

[4] The Brown Defendants are not aware if an estate for Venisha Brown has been opened.

as a party, and until Mrs. Brown's status is finally determined in state court.

                                    Respectfully Submitted,

                                    s/ Robert N. Rosen\
Robert N. Rosen, Fed. ID. 3649\
Susan C. Rosen, Fed. ID.   3650\
Rosen Law Firm, LLC\
18 Broad Street, Suite 201\
Charleston, SC 29401\
Phone: 843-377-1700\
Fax:  843-377-1709\
rnrosen@rosen-lawfirm.com\
srosen@rosen-lawfirm.com

Arnold S. Goodstein, Fed. ID. 2142\
Goodstein Law Firm, LLC\
P.O. Box 2350\
Summerville, SC 29484-2350\
843-871-1000\
agoodstein@goodsteinfirm.com

ATTORNEYS FOR DEFENDANT\
TOMMIE RAE BROWN

S. Alan Medlin, Esquire\
1713 Phelps St.\
Columbia, SC 29205\
Telephone: 803-799-4022\
Facsimile: 803-799-5962\
amedlin@sc.rr.com

Howard B. Stravitz, Fed. I.D. # HS-53104\
17 Wateree Avenue\
Columbia, SC 29205\
Tel. 803-960-9582\
 stravihb@gmail.com

OF COUNSEL\
FOR DEFENDANT TOMMIE RAE BROWN

11

        <u>s/ A. Peter Shahid, Jr.</u>
Albert Peter Shahid, Jr., Fed. ID. 5286
Shahid Law Office
89 Broad Street
Charleston, SC 29401
(843) 853-4500
Fax: 843-853-6124
shahidlo@bellsouth.net

ATTORNEY FOR STEPHEN SLOTCHIVER
GUARDIAN AD LITEM, JAMES BROWN, II

Stephen M Slotchiver
Slotchiver and Slotchiver
44 State Street
Charleston, SC 29401
843-577-6531
Fax: 843-577-0261
Email: sslotch@bellsouth.net

November 4, 2018

Charleston, South Carolina