# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Deanna Brown-Thomas, *an individual and in her capacity as intestate heir and pending Personal Representative of the estate of her sister, the deceased Venisha Brown*; Yamma Brown, *an individual*; Michael D. Brown, *an individual*; Nicole C. Brown, *an individual*; Jeanette Mitchell Bellinger, *an individual*; Sarah LaTonya Fegan, *an individual*; Ciara Pettit, *an individual*; and Cherquarius Williams, *an individual*,<br><br>     Plaintiffs,<br><br>   v.<br><br>Tommie Rae Hynie, *an individual also known as Tommie Rae Brown*; James J. Brown, II, *an individual*; Russell L. Bauknight, *as the Personal Representative of the Estate of James Brown and Trustee of the James Brown I Feel Good Trust*; David C. Sojourner, Jr., *as the Limited Special Administrator of the Estate of James Brown and Limited Special Trustee of the James Brown I Feel Good Trust*; and Does, *1 through 10, inclusive*,<br><br>     Defendants. | Civil Action No.: 1:18-cv-02191-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court for review of Plaintiffs Deanna Brown-Thomas, Yamma Brown, Michael D. Brown, Nicole C. Brown, Jeanette Mitchell Bellinger, Sarah LaTonya Fegan, Ciara Pettit, and Cherquarius Williams's (collectively, "Plaintiffs") Motion for Jurisdictional Discovery (ECF No. 89). Plaintiffs filed their Motion on September 27, 2018. (ECF No. 89.) On October 10, 2018, Defendants Tommie Rae Hynie ("Defendant Hynie")[1] and James J. Brown, II

---

[1] In their pleadings, Plaintiffs Deanna Brown-Thomas, Yamma Brown, Michael D. Brown, Nicole C. Brown, Jeanette Mitchell Bellinger, Sarah LaTonya Fegan, Ciara Pettit, and Cherquarius

("Defendant Brown") filed a Memorandum of Law in Opposition to Plaintiffs' Motion for Expedited Jurisdictional Discovery. (ECF No. 103.) Defendant Russell L. Bauknight ("Defendant Bauknight") filed a Memorandum for the Estate and Trust in Opposition to Expedited Jurisdictional Discovery on October 11, 2018. (ECF No. 104.) Although Defendant David C. Sojourner, Jr. ("Defendant Sojourner") did not file any opposition to Plaintiffs' Motion, he indicated that he would rely upon the filings of the other Defendants during a hearing held on January 22, 2019. (ECF No. 144.) For the reasons set forth herein, the court **DENIES** Plaintiffs' Motion for Jurisdictional Discovery (ECF No. 89) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

James J. Brown ("James Brown") was an American singer that was born in Barnwell, South Carolina. *See* Harry Weinger & Cliff White, *Biography About James*, JAMES BROWN, http://www.jamesbrown.com/bio (last visited Jan. 20, 2019).[2] He married Defendant Hynie in

---

Williams's (collectively, "Plaintiffs") assert that Defendant Tommie Rae's ("Defendant Hynie") last name is "Hynie." (ECF Nos. 1, 89, 96.) Defendant Hynie, on the other hand, uses the last name "Brown." (ECF Nos. 81, 99.) Upon careful consideration of the parties' strong opinions on this matter, and given the number of parties, the court will utilize "Hynie" within its orders because the action has been filed in the name of Tommie Rae Hynie (ECF No. 1).

[2] Under the Federal Rules of Evidence, the court is permitted to "take judicial notice on its own." FED. R. EVID. 201(c). Moreover, the court may take judicial notice of a fact "that is not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)–(2). Based upon the pleadings, there is not a dispute concerning where James Brown ("James Brown") was born or the biographical contents of his website. (ECF Nos. 1, 80, 81, 85, 89, 96, 97, 98, 101, 03, 104.) Additionally, provided that the website on which the facts are based is James Brown's official website, this is a fact that may be "accurately and readily determined" from a source "whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). *See generally Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (taking judicial notice of information "publicly announced on a party's website" because the authenticity was not in dispute, and the information was "capable of accurate and ready determination." (quoting FED. R. EVID. 201(b))). The court takes judicial notice of the website only for purposes of indicating the birthplace of James Brown. *See Coal. for a Sustainable Delta v. Fed. Emergency Mgmt. Agency*, 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2011) ("[J]udically noticed documents may be considered only for limited purposes.").

December 2001. (ECF No. 1 at 10 ¶ 38.) Through the union of Defendant Hynie and James Brown, Defendant Brown was born in 2001. (ECF No. 81 at 10.) On the morning of December 25, 2006, James Brown died. (ECF No. 1 at 3 ¶ 7.) James Brown's will omitted Defendant Hynie and Defendant Brown. (*Id.* at 11 ¶ 41.) In 2007, Defendant Hynie and Defendant Brown brought challenges to James Brown's will and trust. (*Id.* at 11 ¶ 42.) Defendant Hynie filed for her spousal rights in South Carolina, which would have entitled her to a statutory elective share and a one-half omitted spouse's share under South Carolina law, while Defendant Brown asserted his right to the state statutory child share as a lawful heir. (ECF No. 80-1 at 3.) James Brown's adult children also brought challenges to set aside his will. *See Wilson v. Dallas*, 743 S.E.2d 746, 750–51 (S.C. 2013). (*See also* ECF No. 80-1 at 3; ECF No. 80-2 at 29.) As a result of these collective challenges, James Brown's will was submitted to the Probate Court of Aiken County, South Carolina. (ECF No. 1 at 11 ¶ 42.) Eventually, the Probate Court of Aiken County, South Carolina, transferred the administration of James Brown's estate to the Aiken County Court of Common Pleas. (ECF No. 1 at 11 ¶ 43; ECF No. 80-1 at 4.)

Following litigation in the Aiken County Court of Common Pleas, in 2013, the South Carolina Supreme Court reversed the trial court's approval of a family settlement regarding James Brown's estate, upheld the removal of several fiduciaries, and remanded the case for the appointment of new fiduciaries. (ECF No. 85 at 4 (citing *Wilson*, 743 S.E.2d at 768).) On October 1, 2013, the Aiken County Court of Common Pleas appointed Defendant Bauknight to serve as the personal representative of the estate and trustee of the trust. (ECF No. 85-1 at 27–29.) On October 10, 2013, Defendant Sojourner was appointed as a limited special administrator of James Brown's estate and tasked with defending the estate against challenges. (ECF No. 85-1 at 35–36 ¶¶ 3–4.)

In 2015, the Aiken County Court of Common Pleas determined that Defendant Hynie was the surviving spouse of James Brown. (ECF No. 80-1 at 6.) During that same year, the lower court held that Defendant Brown was the biological son and an heir of James Brown. (ECF No. 101-4.) In 2018, the South Carolina Court of Appeals also held that Defendant Hynie was the surviving spouse of James Brown. *See In re Estate of Brown*, 818 S.E.2d 770, 776 (S.C. Ct. App. 2018) ("Therefore, we find the trial court did not err in finding [Defendant Hynie] was married to Brown.").[3] Currently, Plaintiffs are appealing the spousal status of Defendant Hynie to the South Carolina Supreme Court.[4]

Plaintiffs originally filed their Complaint on January 12, 2018, in the United States District Court for the Central District of California. (ECF No. 1.) First, Plaintiffs seek relief from the court under the Copyright Act and the Declaratory Judgment Act. (*Id.* at 20–22 ¶¶ 74–77.) Plaintiffs allege that Defendants have "conspired . . . to usurp [their] rights and interests in [James] Brown's [c]ompositions." (*Id.* at 4 ¶ 13.) Plaintiffs seek a declaration establishing that a "Settlement Agreement" or any "Concealed Terms," specifically among Defendants, is unenforceable and void as a matter of law. (*Id.* at 21 ¶ 76.) Plaintiffs believe that Defendants have

---

[3] Generally, under the Federal Rules of Evidence, a federal court "may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508–09 (4th Cir. 2015) (citations omitted). *See generally Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record." (citation omitted)); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (citation omitted)).

[4] During a hearing on January 22, 2019, Plaintiffs and Defendants readily acknowledge that Plaintiffs are seeking review of Defendant Hynie's spousal status by the South Carolina Supreme Court. Pursuant to the Federal Rules of Evidence, the court takes judicial notice that this matter is currently pending before the South Carolina Supreme Court. *See* FED. R. EVID. 201(b). *See also City of Amsterdam v. Daniel Goldreyer, Ltd.*, 882 F. Supp. 1273, 1278 (E.D.N.Y. 1995) ("[T]his [c]ourt is required to take judicial notice of the pending state court action.").

4

wrongfully deprived them of their termination interests pursuant to a Settlement Agreement and Concealed Terms and failed to comply with the appropriate procedures of the Copyright Act. (*Id.* at 17, 20–21 ¶¶ 60–62, 75–76.) Further, Plaintiffs maintain that they are "entitled to a preliminary injunction during the pendency of this action, and thereafter to a permanent injunction . . . ." (*Id.* at 22 ¶ 77.) Secondly, Plaintiffs bring a range of claims arising under South Carolina law. (*Id.* at 22–31 ¶¶ 78–114.) Specifically, Plaintiffs allege the following state law claims: (1) accounting; (2) conversion; (3) unjust enrichment; (4) intentional interference with prospective economic advantage; (5) intentional interference with prospective economic advantage; (6) negligent interference with prospective economic advantage; and (7) common law unfair competition. (*Id.* at 22–23, 27–28, 30 ¶¶ 79, 84, 97, 102, 109.) The United States District Court for the Central District of California transferred this matter to the United States District Court for the District of South Carolina on August 7, 2018. (ECF No. 70.)

Defendant Bauknight filed his Motion to Dismiss on September 10, 2018, while Defendant Hynie filed her Motion to Dismiss on September 11, 2018. (ECF Nos. 80, 81.) Defendant Sojourner's Motion to Dismiss was filed on September 19, 2018. (ECF No. 85.) Defendant Brown filed his Motion to Dismiss on October 10, 2018. (ECF No. 101.) Within their Motions to Dismiss, Defendants bring legal challenges to the court's subject-matter jurisdiction under 28 U.S.C. § 1338(a). (ECF Nos. 80, 81, 85, 101.) Before filing a substantive response to Defendants' Motions to Dismiss, Plaintiffs filed a Motion for Jurisdictional Discovery on September 27, 2018, claiming that limited discovery would address Defendants' jurisdictional concerns and would determine whether any Concealed Terms truly exist. (ECF No. 89.) Plaintiffs maintain that any jurisdictional discovery would be "highly limited," "aid the court in considering Defendants' dubious jurisdictional defense[s]," and "place[e] no discernible burden on Defendants." (*Id.* at 2, 19.)

Defendants, on the other hand, submit that jurisdictional discovery is not only premature, but foreclosed by law of the case doctrine. (ECF No. 103 at 4–6.) Additionally, Defendants argue that jurisdictional discovery is not warranted because the court has sufficient information to rule upon the following issues within the pending Motions to Dismiss: (1) insufficient service of process; (2) failure to state a claim on which relief can be granted; and (3) lack of subject-matter jurisdiction. (*Id.* at 7–10.)

On January 22, 2019, the court heard arguments from Plaintiffs and Defendants regarding the pending Motion for Jurisdictional Discovery. (ECF No. 144.) Plaintiffs continued to maintain that jurisdictional discovery is warranted because it may easily dispense with Defendants' concerns with subject-matter jurisdiction and would not be unduly burdensome. Nevertheless, Plaintiffs expressly conceded that the court possesses enough information to decide the challenges to subject-matter jurisdiction within the Motions to Dismiss. Defendants, focusing on law of the case doctrine, argued that other courts have deprived Plaintiffs of this specific discovery request, suggested that the Motion is premature, and urged the court to deny Plaintiffs' Motion. This issue has been extensively briefed by the parties and is now ready for the court's review. *See Walker v. DDR Corp.*, C/A No. 3:17-cv-01586-JMC, 2019 WL 142303, at *2 (D.S.C. Jan. 9, 2019) (citations omitted).

## II. LEGAL STANDARD

"Discovery provides a procedural safeguard when a jurisdictional inquiry would require the consideration of merits-based evidence." *Rich v. United States*, 811 F.3d 140, 147 (4th Cir. 2015) (citing *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009)). As recognized by the United States Supreme Court, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

351 n.13 (1978). Federal district courts "have broad discretion in [their] resolution of discovery problems that arise in the cases pending before [them]." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (quoting *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C. Cir. 1981)).

When a party challenges *personal jurisdiction*, "[a] court may compel discovery to aid its resolution of personal jurisdiction issues." *Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992) (citing *In re Uranium Antitrust Litig.*, 480 F. Supp. 1138 (N.D. Ill. 1979)). However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (citations omitted). As it relates to *subject-matter jurisdiction*, a court is generally confined to a complaint when a moving party contends that a complaint "simply fails to allege facts upon which subject[-]matter jurisdiction can be based." *Kerns*, 585 F.3d at 192 (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When a party challenges subject-matter jurisdiction, a district court need not grant jurisdictional discovery unless there is a factual dispute between the parties which the court should resolve. *See 24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (citing *Rich*, 811 F.3d at 145). Somewhat similarly, if the court is presented with a "purely . . . legal question that can be readily resolved in the absence of discovery," the court also need not grant jurisdictional discovery. *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012) (holding that jurisdictional discovery was not needed when a district court needed to legally determine whether the Department of Homeland Security's operating procedures for checkpoint screening was an "order" under 49 U.S.C. § 46110). Because a federal court has "sound discretion" regarding jurisdictional discovery, the court acts within its discretion when it denies jurisdictional discovery

to "[a] plaintiff [that] simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction . . . ." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

### III. DISCUSSION

Upon review of the pending Motions to Dismiss, Defendant Hynie and Defendant Brown allege insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), but do not specifically challenge personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[5] (*See* ECF Nos. 81, 101.) Likewise, Defendant Bauknight and Defendant Sojourner do not challenge personal jurisdiction.[6] (ECF Nos. 80-1, 85, 106.) Collectively, Defendants solely challenge the court's subject-matter jurisdiction. (*See* ECF Nos. 80-1, 81, 85, 101.) Because none of Defendants challenge the court's exercise of personal jurisdiction, the court is guided by the legal principles

---

[5] In this matter, Defendant Hynie and Defendant James J. Brown, II ("Defendant Brown") have waived arguments relating to personal jurisdiction. *See* FED. R. CIV. P. 12(h). *See also Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 256 (4th Cir. 2002) ("[P]ersonal jurisdiction is indubitably waived absent timely objection."); *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002) ("Rule 12(h) contemplates an implied waiver of a personal jurisdiction defense by defendants who appear before a court to deny the allegations of a complaint, but who fail to make personal jurisdiction objections at the time of their appearance." (citing *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 46 (4th Cir. 1968))). During the hearing, Defendant Hynie and Defendant Brown, while not physically present, were represented by counsel. Accordingly, the court presumes that counsel had the "authorization" to make this general appearance. *See Bethlehem Steel Corp.*, 389 F.2d at 45–46. Neither counsel for Defendant Hynie or Defendant Brown presented any arguments against the court's exercise of personal jurisdiction over their respective clients either at the hearing or in their Motions to Dismiss. (*See* ECF Nos. 81, 101.) Therefore, Defendant Hynie and Defendant Brown have waived personal jurisdiction arguments. *See Bethlehem Steel Corp.*, 389 F.2d at 46. *See also* FED. R. CIV. P. 12(h).

[6] Defendant Russell L. Bauknight ("Defendant Bauknight") challenged personal jurisdiction when this matter was in the United States District Court for the Central District of California. (ECF No. 80-1.) After the matter was transferred to this court, Defendant Bauknight did not raise any personal jurisdiction arguments in his current filings. (*See* ECF Nos. 106, 109.) Defendant David C. Sojourner, Jr. ("Defendant Sojourner") has made no challenge to personal jurisdiction. (*See* ECF No. 85.) Therefore, Defendant Bauknight and Defendant Sojourner have waived challenges to personal jurisdiction. *See* FED. R. CIV. P. 12(h).

analyzing jurisdictional discovery in the context of subject-matter jurisdiction. *See 24th Senatorial Dist. Republican Comm.*, 820 F.3d at 629; *Blitz*, 700 F.3d at 739; *Kerns*, 585 F.3d at 192.

Defendants' opposition to the court's exercise of subject-matter jurisdiction is centered upon whether Plaintiffs' Complaint is a "civil action arising under an[] Act of Congress relating to . . . copyrights . . . ." 28 U.S.C. § 1338(a). (*See also* ECF No. 80-1 at 14–20; ECF No. 81 at 13–18; ECF No. 101 at 5–10; ECF No. 106 at 12.) In order to determine whether the court may exercise subject-matter jurisdiction under 28 U.S.C. § 1338(a), a federal court must examine whether Plaintiffs' Complaint either: (1) requests a remedy "expressly granted" under the Copyright Act, i.e., a suit for infringement or for statutory royalties for record reproduction; (2) asserts a claim requiring the construction of the Copyright Act; or (3) presents a case where "a distinctive policy" of the Copyright Act requires that federal principles control the disposition of the suit. *See Arthur Young & Co. v. City of Richmond*, 895 F.2d 967, 970 (4th Cir. 1990) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). Whether Plaintiffs' Complaint satisfies any of the preceding requirements is "purely a legal question that can be readily resolved in the absence of discovery" because the court must solely examine, by employing the *T.B. Harms* test, whether the Complaint "arises under" the Copyright Act for purposes of jurisdiction under 28 U.S.C. § 1338(a). *Blitz*, 700 F.3d at 739. *See also Arthur Young & Co.*, 895 F.2d at 971. Indeed, as a question of law, the court alone is tasked with assessing whether Plaintiffs' Complaint contains a cause of action showing that it "arose" under the Copyright Act. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States *only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.*" (emphasis added)). Moreover, Plaintiffs have failed to allege a "factual dispute"

that would aid the court's inquiry into subject-matter jurisdiction.[7] *See 24th Senatorial Dist. Republican Comm.*, 820 F.3d at 629. Because the question concerning subject-matter jurisdiction rests with the court's closed examination of Plaintiff's Complaint, the court finds jurisdictional discovery unwarranted at this specific stage of the proceedings. *Kerns*, 585 F.3d at 192.

Additionally, Defendant Bauknight and Defendant Sojourner submit that the court is deprived of subject-matter jurisdiction because of the judicially-created probate exception to federal jurisdiction. (*See* ECF No. 80-1 at 10–14; ECF No. 85 at 12–14.) The United States Court of Appeals for the Fourth Circuit indicated that the application of the probate exception is a question of law because of its jurisdictional implications. *See Lee Graham Shopping Ctr., LLC v. Estate of Kirsch*, 777 F.3d 678, 680 (4th Cir. 2015) ("Determining whether subject matter jurisdiction exists is a question of law . . . ." (citing *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010))). As it relates to the application of the probate exception, the court is presented with a "purely . . . legal question" that does not require jurisdictional discovery. *Blitz*, 700 F.3d at 739.

Most importantly, during the hearing on January 22, 2019, Plaintiffs conceded that the court has enough information to determine whether it may exercise subject-matter jurisdiction over this matter. This concession effectively renders the Motion for Jurisdictional Discovery as "a fishing expedition" that is unlikely to provide the court with any information as it concerns whether the court possesses subject-matter jurisdiction. *See Base Metal Trading, Ltd.*, 283 F.3d at 216 n. 3. It seems that Plaintiffs seek to readily address the merits of the case, which would not ultimately aid in discovering jurisdictional facts. *See generally Carrero v. Farrelly*, 310 F. Supp. 3d 542, 549 n. 5 (D. Md. 2018) (holding that jurisdictional discovery was not warranted when "none of the

---

[7] During the hearing, Plaintiffs alleged that Defendants' "Concealed Terms" were subject to jurisdictional discovery; however, Defendants did not affirm or deny the existence of any Concealed Terms.

specific topics cited" by a plaintiff were relevant to her standing); *Hinkle v. Cont'l Motors, Inc.*, C/A No. 9:16-3707-RMG, 2017 WL 4574794, at *3 (D.S.C. Oct. 12, 2017) ("The purpose of jurisdictional discovery is to prove disputed jurisdictional allegations." (citation omitted)); *Penn Va. Operating Co., LLC v. Equitable Prod. Co.*, 466 F. Supp. 2d 718, 719 (W.D. Va. 2006) (denying jurisdictional discovery when a party sought "secret documents or other undisclosed evidence," and jurisdictional discovery would hinder the court's consideration of a pending motion to remand). Therefore, the court exercises its "sound discretion" in denying Plaintiffs' request for jurisdictional discovery in this particular instance.[8] *See Base Metal Trading, Ltd.*, 283 F.3d at 216 n. 3.

## IV. CONCLUSION

After a careful examination of Plaintiffs' Motion for Jurisdictional Discovery (ECF No. 89), Defendants Tommie Rae Hynie and James J. Brown, II's Memorandum of Law in Opposition to Plaintiffs' Motion for Expedited Jurisdictional Discovery (ECF No. 103), Defendant Russell L. Bauknight's Memorandum for the Estate and Trust in Opposition to Expedited Jurisdictional Discovery (ECF No. 104), and the parties' arguments at the hearing, the court **DENIES** Plaintiffs' Motion for Jurisdictional Discovery (ECF No. 89) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 29, 2019
Columbia, South Carolina

---

[8] Because the court finds that jurisdictional discovery is not warranted based upon ample case law from the United States Court of Appeals for the Fourth Circuit, the court need not address Defendant Hynie, Defendant Brown, and Defendant Bauknight's arguments concerning law of the case doctrine. (ECF Nos. 103, 104.)

11