# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Deanna Brown-Thomas, *an individual and in her capacity as intestate heir and pending Personal Representative of the estate of her sister, the deceased Venisha Brown*; Yamma Brown, *an individual*; Michael D. Brown, *an individual*; Nicole C. Brown, *an individual*; Jeanette Mitchell Bellinger, *an individual*; Sarah LaTonya Fegan, *an individual*; Ciara Pettit, *an individual*; and Cherquarius Williams, *an individual*,<br><br>      Plaintiffs,<br><br>    v.<br><br>Tommie Rae Hynie, *an individual also known as Tommie Rae Brown*; James J. Brown, II, *an individual*; Russell L. Bauknight, *as the Personal Representative of the Estate of James Brown and Trustee of the James Brown I Feel Good Trust*; David C. Sojourner, Jr., *as the Limited Special Administrator of the Estate of James Brown and Limited Special Trustee of the James Brown I Feel Good Trust*; and Does, *1 through 10, inclusive*,<br><br>      Defendants. | Civil Action No.: 1:18-cv-02191-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court for review of Defendant Tommie Rae Hynie's ("Defendant Hynie") Motion to Revise the Court's March 5, 2019 Order, which was filed on April 25, 2019. (ECF No. 161.) Defendants James J. Brown, II ("Defendant Brown"), Russell L. Bauknight ("Defendant Bauknight"), and David C. Sojourner, Jr. ("Defendant Sojourner") (collectively, "Defendants"), respectively, filed pleadings in support of Defendant Hynie's Motion. (ECF Nos. 164, 166, 168.) On May 9, 2019, Plaintiffs Deanna Brown-Thomas, Yamma Brown, Michael D. Brown, Nicole C. Brown, Jeanette Mitchell Bellinger, Sarah LaTonya Fegan, Ciara Pettit, and

1

Cherquarius Williams's (collectively, "Plaintiffs") filed their Response to Defendant Hynie's Motion, which vigorously opposes the Motion. (ECF No. 167.) For the reasons set forth herein, the court **DENIES** Defendant Hynie's Motion to Review the Court's March 5, 2019 Order (ECF No. 161).

## I. FACTUAL AND PROCEDURAL BACKGROUND

James J. Brown ("James Brown") was an American singer that was born in Barnwell, South Carolina. *See* Harry Weinger & Cliff White, *Biography About James*, JAMES BROWN, http://www.jamesbrown.com/bio (last visited Jan. 20, 2019).[1] He married Defendant Hynie in December 2001. (ECF No. 1 at 10 ¶ 38.) Through the union of Defendant Hynie and James Brown, Defendant Brown was born in 2001. (ECF No. 81 at 10.) On the morning of December 25, 2006, James Brown died. (ECF No. 1 at 3 ¶ 7.) James Brown's will omitted Defendants Hynie and Brown. (*Id.* at 11 ¶ 41.) In 2007, Defendants Hynie and Brown brought challenges to James Brown's will and trust. (*Id.* at 11 ¶ 42.) Defendant Hynie filed for her spousal rights in South Carolina, which would have entitled her to a statutory elective share and a one-half omitted

---

[1] Under the Federal Rules of Evidence, the court is permitted to "take judicial notice on its own." FED. R. EVID. 201(c). Moreover, the court may take judicial notice of a fact "that is not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)–(2). Based upon the pleadings, there is no dispute concerning where James J. Brown ("James Brown") was born or the biographical contents of his website. (ECF Nos. 1, 80, 81, 85, 89, 96, 97, 98, 101, 103, 104.) Additionally, provided that the website on which the facts are based is James Brown's official website, James Brown's birthplace is a fact that may be "accurately and readily determined" from a source "whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). *See generally Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (taking judicial notice of information "publicly announced on a party's website" because the authenticity was not in dispute, and the information was "capable of accurate and ready determination" (quoting FED. R. EVID. 201(b))). The court takes judicial notice of the website only for purposes of indicating the birthplace of James Brown. *See Coal. for a Sustainable Delta v. Fed. Emergency Mgmt. Agency*, 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2011) ("[J]udically noticed documents may be considered only for limited purposes.").

spouse's share, while Defendant Brown asserted his right to a state statutory child share as a lawful heir. (ECF No. 80-1 at 3.) James Brown's adult children also brought challenges to set aside his will. *See Wilson v. Dallas*, 743 S.E.2d 746, 750–51 (S.C. 2013). (*See also* ECF No. 80-1 at 3; ECF No. 80-2 at 29.) As a result of these collective challenges, James Brown's will was submitted to the Probate Court of Aiken County, South Carolina. (ECF No. 1 at 11 ¶ 42.) Eventually, the Probate Court of Aiken County, South Carolina, transferred the administration of James Brown's estate to the Aiken County Court of Common Pleas. (ECF No. 1 at 11 ¶ 43; ECF No. 80-1 at 4.)

In May 2013, following litigation in the Aiken County Court of Common Pleas, the South Carolina Supreme Court reversed the trial court's approval of a family settlement regarding James Brown's estate, upheld the removal of several fiduciaries, and remanded the case for the appointment of new fiduciaries. (ECF No. 85 at 4 (citing *Wilson*, 743 S.E.2d at 768).) On October 1, 2013, the Aiken County Court of Common Pleas appointed Defendant Bauknight to serve as the personal representative of the estate and trustee of the trust. (ECF No. 85-1 at 27–29.) On October 10, 2013, Defendant Sojourner was appointed as a limited special administrator of James Brown's estate and tasked with defending the estate against challenges. (ECF No. 85-1 at 35–36 ¶¶ 3–4.)

In 2015, the Aiken County Court of Common Pleas determined that Defendant Hynie was the surviving spouse of James Brown. (ECF No. 80-1 at 6.) During that same year, that lower court held that Defendant Brown was the biological son and a lawful heir to James Brown. (ECF No. 101-4.) In 2018, the South Carolina Court of Appeals also held that Defendant Hynie was the surviving spouse of James Brown. *See In re Estate of Brown*, 818 S.E.2d 770, 776 (S.C. Ct. App. 2018) ("Therefore, we find the trial court did not err in finding [Defendant Hynie] was married to

Brown.").[2] Subsequently, in order to obtain review of the South Carolina Court of Appeals' ruling, Plaintiffs[3] filed a Petition for a Writ of Certiorari with the South Carolina Supreme Court.[4] On February 1, 2019, the South Carolina Supreme Court granted Plaintiffs' Petition for a Writ of Certiorari. (ECF No. 151 at 4–5.)

Plaintiffs originally filed their Complaint on January 12, 2018, in the United States District Court for the Central District of California. (ECF No. 1.) First, Plaintiffs seek relief from the court under the Copyright Act, 17 U.S.C. §§ 203, 304, and the Declaratory Judgment Act, 28 U.S.C. § 2201. (*Id.* at 20–22 ¶¶ 74–77.) Plaintiffs allege that Defendants have "conspired . . . to usurp [their] rights and interests in [James] Brown's [c]ompositions." (*Id.* at 4 ¶ 13.) Plaintiffs seek a declaration establishing that a "Settlement Agreement" or any "Concealed Terms," specifically among Defendants, is unenforceable and void as a matter of law. (*Id.* at 21 ¶ 76.) Plaintiffs believe that Defendants have wrongfully deprived them of their termination interests pursuant to a Settlement Agreement and Concealed Terms and failed to comply with the appropriate procedures of the

---

[2] Generally, under the Federal Rules of Evidence, a federal court "may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508–09 (4th Cir. 2015) (citations omitted). *See generally Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record." (citation omitted)); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (citation omitted)).

[3] The only Plaintiffs involved in the state court litigation and current action before this court are Plaintiffs Deanna Brown-Thomas, Yamma Brown, and Michael D. Brown. (*Compare* ECF No. 151 at 4, *with* ECF No. 1 at 1.)

[4] During a hearing on January 22, 2019, Plaintiffs and Defendants readily acknowledged that Plaintiffs were seeking review of Defendant Hynie's spousal status by the South Carolina Supreme Court. Pursuant to the Federal Rules of Evidence and a recent filing (ECF No. 151) by Defendant Hynie, the court takes judicial notice that Defendant Hynie's marriage to James Brown is a matter currently pending before the South Carolina Supreme Court. *See* FED. R. EVID. 201(b). *See also City of Amsterdam v. Daniel Goldreyer, Ltd.*, 882 F. Supp. 1273, 1278 (E.D.N.Y. 1995) ("[T]his [c]ourt is required to take judicial notice of the pending state court action.").

Copyright Act. (*Id.* at 17, 20–21 ¶¶ 60–62, 75–76.) Plaintiffs also contend that "any agreement" by Defendant Hynie that "directly or indirectly diverts and/or converts Plaintiffs' share of the financial proceeds" is void, unenforceable, and prohibited by the Copyright Act. (*Id.* at 22 ¶ 76.) Further, Plaintiffs maintain that they are "entitled to a preliminary injunction during the pendency of this action, and thereafter to a permanent injunction . . . ." (*Id.* at 22 ¶ 77.) Secondly, Plaintiffs bring a range of claims arising under South Carolina law. (*Id.* at 22–31 ¶¶ 78–114.) Specifically, Plaintiffs allege the following state law claims: (1) accounting; (2) conversion; (3) unjust enrichment; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; and (6) common law unfair competition. (*Id.* at 22–23, 27–28, 30 ¶¶ 79, 84, 97, 102, 109.) The United States District Court for the Central District of California transferred this matter to the United States District Court for the District of South Carolina on August 7, 2018. (ECF No. 70.)

On March 5, 2019, the court issued its Order granting in part and denying in part Defendant Hynie's Motion to Stay (ECF No. 114). *See Brown-Thomas v. Hynie*, C/A No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *1 (D.S.C. Mar. 5, 2019). Specifically, the court denied Defendant Hynie's request to stay discovery, but granted "a partial stay of the action as it relates to filing or resolving *future dispositive motions*." *See id.* (emphasis in original). Within the Order, the court analyzed the following factors: (i) the interest of judicial resources; (ii) the potential prejudice to the non-moving parties, Plaintiffs in this instance; and (iii) the hardship and inequities to Defendants without a stay. *See id.* at *4–6. As it concerns the hardship and inequities to Defendants, the court noted that "Defendants fail[ed] to identify any 'hardship or inequity' that they [would] suffer without a complete stay to the[] proceedings." *Id.* at *6 (citation omitted). After balancing the aforementioned factors, the court held that it "will partially stay the filing of *future*

*dispositive motions*, other than the pending Motions to Dismiss, but not 'all proceedings' as requested by Defendants." *Id.* Of particular relevance, the court specifically took into account the South Carolina Supreme Court's active consideration of "Defendant Hynie's relationship to James Brown[,]" how the South Carolina Supreme Court's ultimate decision may impact the "litigants['] . . . legal strategies regarding the Copyright Act," and the fact that "the South Carolina Supreme Court's ruling will have no bearing on the substance of the Copyright Act, including the Act's provisions regarding renewal rights, termination rights, and other procedures." *Id.* at *6–7. Accordingly, the court concluded that Defendant Hynie's "request to stay discovery is premature and fails to promote the 'expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Id.* at *7 (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Thus, the court fashioned a stay that denied a stay in discovery, but stayed the filing and resolution of future dispositive motions, which, depending upon the outcome of the Motions to Dismiss, would allow this case to proceed and progress in a timely manner. *Id.* at *4–8.

Defendant Hynie filed her Motion to Revise the Court's Order March 5, 2019 Order on April 25, 2019. (ECF No. 161.) Within her Motion, Defendant Hynie first argues that "Defendants would have presented evidence of their own 'hardships[s] and inequit[ies]' during rebuttal" if a March hearing had not been postponed. (ECF No. 161-1 at 4.) Defendant Hynie contends that she would have presented evidence showing that "[r]esources spent by the Estate in this litigation are resources not spent on educating poor and needy children under the James Brown Trust." (*Id.* at 5.) Second, Defendant Hynie reiterates a number of arguments pertaining to the court's subject-matter jurisdiction over this dispute and suggests that the court's Order would be different if it "had the benefit of [her] argument." (*Id.* at 5–12.) Defendant Hynie requests the court to grant a stay of all proceedings until the South Carolina Supreme Court formally issues a decision

6

regarding her spousal status to James Brown. (*Id.* at 5.) On May 7, 2019, Defendant Bauknight filed a pleading in support of Defendant Hynie's Motion, maintaining that "the Estate and Trust [will be unduly burdened] if it must defend costly and contentious litigation concerning the confidentiality of settlement negotiations in a second forum . . . ." (ECF No. 164 at 2.) On May 9, 2019, Defendants Brown and Sojourner, respectively, also filed pleadings to support Defendant Hynie's Motion and expressly incorporated her arguments. (ECF Nos. 168, 166.)

Plaintiffs responded in opposition to Defendant Hynie's Motion on May 9, 2019. (ECF No. 167.) First, as it relates to Defendant Hynie's lack of rebuttal, Plaintiffs pointedly emphasize that Defendant Hynie was never entitled to any rebuttal during the hearing on January 22, 2019. (*Id.* at 9 (quoting Local Civ. Rule 7.08 (D.S.C.) ("Hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing.")).) Secondly, maintaining that Defendant Hynie's Motion should be denied, Plaintiffs stress that Defendant Hynie's Motion fails to meet the requirements of Rule 54(b) because she (1) does not argue a change in the applicable law; (2) fails to offer "newly discovered evidence" as her evidence was "pre-existing evidence omitted from [her] briefs"; and (3) unsuccessfully demonstrates any clear error of law or manifest injustice to correct. (*Id.* at 8–15.) Additionally, Plaintiffs submit that Defendant Hynie's Motion is in violation of various procedural rules and also respond with substantive arguments relating to the court's exercise of subject-matter jurisdiction. (*Id.* at 15–28.) For those reasons, Plaintiffs request that the court deny Defendant Hynie's Motion. (*Id.* at 29.)

Defendant Hynie replied to Plaintiffs' Response on May 16, 2019. (ECF No. 171.) Defendant Hynie continues to argue that she "intended to present evidence of Defendants' hardship at the hearing scheduled for March 1, 2019, but was precluded from doing so when, at Plaintiffs' request, the scheduled hearing was postponed." (*Id.* at 3.) After maintaining that "a complete stay

will not presently prejudice Plaintiffs in any way[,]" Defendant Hynie submits the following:

> She . . . *did not ask* the [c]ourt to reconsider its March 5, 2019 Order because (1) a subsequent trial produced substantially different evidence-obviously there was no subsequent trial; or (2) because of a change in applicable law-again there was none; or (3) because of clear error causing manifest injustice-based on the incomplete argument on January 22, 2019, the [c]ourt did not commit clear error.

(*Id.* at 3–8 (emphasis added).) Instead, Defendant Hynie firmly believes that the court should consider her rebuttal argument out of "fairness and equity," and Rule 54(b) does not provide a standard to revise a prior order that "does not end the action as to any of the claims or parties . . . ." (*Id.* at 8.) Defendant Hynie then responds to Plaintiffs' arguments concerning the procedural rules and the court's subject-matter jurisdiction. (*Id.* at 8–15.) Because this matter has been extensively briefed and argued, it is now ripe for the court's review. *See generally Sauls v. Wyeth Pharm., Inc.*, 846 F. Supp. 2d 499, 501 (D.S.C. 2012) ("The parties have fully briefed the issues, and this matter is ripe for consideration.").

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide the following:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment* adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b) (emphasis added). A federal district court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops or arguments come

8

to light." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (alterations in original) (citations omitted).

Despite the inherent flexibility embodied within Rule 54(b), the United States Court of Appeals for the Fourth Circuit has mindfully cautioned that "the discretion afforded by Rule 54(b) 'is not limitless,' . . . ." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson*, 856 F.3d 320 at 325). Specifically, the Fourth Circuit has emphasized that a federal district court's revision pursuant to Rule 54(b) is "*cabined . . . by treating interlocutory rulings as law of the case.*" *Carlson*, 856 F.3d at 325 (emphasis added) (citations omitted). Although Rule 54(b) provides a federal district court with discretion to revisit an earlier ruling, "such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, *nor without good reason permitted*, to battle for it again.'" *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (emphasis added) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). Accordingly, as explicitly mandated by the Fourth Circuit, "a court *may revise* an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (emphasis added) (quoting *Carlson*, 856 F.3d at 325). While this standard resembles the standard under Rule 59(e), it accounts for "*potentially different evidence discovered during litigation* as opposed to the discovery of 'new evidence not available at trial.'" *Carlson*, 856 F.3d at 325 (emphasis added) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

### III. DISCUSSION

As stated above, in order for the court to revise its March Order, clear precedent mandates

that Defendant Hynie must show one of the following: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Carlson*, 856 F.3d at 325). First, upon review of Defendant Hynie's Motion, she does not allege that the court should revise its March Order because of a "subsequent trial producing substantially different evidence." (*See* ECF No. 161-1 at 4–12.) Indeed, in her Reply to Plaintiffs' Response, Defendant Hynie concedes as follows: "obviously there was no subsequent trial." (ECF No. 171 at 8.) Further, she does not maintain that there is "*potentially different evidence discovered during litigation*" within her Motion. (*See* ECF No. 161-1 at 4–12.) Secondly, at no point does Defendant Hynie's Motion ever suggest that there is "a change in applicable law" or an alteration to the legal principles which guided the court's March Order. (*See* ECF No. 161-1 at 4–12.) In her Reply, Defendant Hynie says the following with respect to "a change in applicable law": "again[,] there was none[.]" (ECF No. 171 at 8.) Lastly, nowhere does Defendant Hynie's Motion argue that the court committed a "clear error causing manifest injustice." (*See* ECF No. 161-1 at 4–12.) Markedly, in her Reply, Defendant Hynie further concedes that she does not ask the court to reconsider its March Order "because of clear error causing manifest injustice–based on the incomplete argument on January 22, 2019, *the [c]ourt did not commit clear error*." (ECF No. 171 at 8 (emphasis added).) Thus, Defendant Hynie has not sufficiently provided the court with a reason for revising or revisiting its March Order. *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Carlson*, 856 F.3d at 325).

As opposed to arguing within the explicit confines of the Rule 54(b) analysis laid down by the Fourth Circuit, Defendant Hynie states that the court "did not have the benefit of [her] contemplated rebuttal argument . . . ." (ECF No. 171 at 8.) She "asks for revision under Rule 54(b) for that reason" and out of "fairness and equity[.]" (*Id.*) This request has no support under Rule

54(b). First, it is well-established that litigants are not always entitled to rebuttal within federal court, particularly when, as here, the court entertained a three-hour hearing on January 22, 2019 (ECF No. 144).[5] *See* Local Civ. Rule 7.08 (D.S.C.) ("Hearings on motions *may be ordered* by the [c]ourt in its discretion. Unless so ordered, motions *may be determined without a hearing*." (emphasis added)). *See also Fernandez v. Corporacion Insular De Seguros*, 79 F.3d 207, 210 (1st Cir. 1996) (stating that, in the context of trial court proceedings, "the decision to permit rebuttal is a procedural matter which rests within the sound discretion of the trial judge" (internal citation omitted)). Moreover, as she motioned for a stay, Defendant Hynie had ample opportunity to rebut Plaintiffs within her pleadings (ECF No. 122), and she cannot now use Rule 54(b) to argue points that she failed to include within her original pleading. *See generally U.S. Home Corp. v. Settler Crossing, LLC*, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012) ("A motion for reconsideration under Rule 54(b) may not be used to merely reiterate arguments previously rejected by the court." (citation omitted)). Secondly, unless inherent within a "clear error causing manifest injustice," "fairness and equity" are not included anywhere within the Rule 54(b) factors proscribed by the Fourth Circuit. *See U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Carlson*, 856 F.3d at 325). Thus, the court declines to go outside the confine of the Fourth Circuit's Rule 54(b) factors and standard. *See generally United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) ("[A] lower court generally is 'bound to carry the mandate of the upper court into execution . . . .'" (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939))).

Lastly, as it merits mention, Defendant Hynie argues that "[t]he plain language of Rule 54(b) does not provide a standard to revise a prior order . . . ." (ECF No. 171 at 8.) Rule 54(b) does

---

[5] When arguing at the United States Supreme Court, "[u]nless the [c]ourt directs otherwise, each side is allowed one-half hour for argument." SUP. CT. R. 28(3). This court encourages and expects brevity as well. *See* Local Civ. R. 7.05 (D.S.C.)

not directly include a standard within its plain language. *See* FED. R. CIV. P. 54(b). However, the Fourth Circuit has explicitly laid down factors for federal district courts to consider when confronted with a motion arising under Rule 54(b). *See U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Carlson*, 856 F.3d at 325). As such, Defendant Hynie's contentions lack merit. For these reasons, taken together, the court is compelled to deny Defendant Hynie's Motion (ECF No. 161) because she has failed to satisfy the standard of Rule 54(b) of the Federal Rules of Civil Procedure and any of the factors provided by the Fourth Circuit. *See id.*

## IV. CONCLUSION

After careful consideration of Defendant Hynie's Motion (ECF No. 161), Plaintiffs' Response (ECF No. 167), and the numerous filings concerning this issue (ECF Nos. 164, 166, 168, 171), the court **DENIES** Defendant Hynie's Motion to Review the Court's March 5, 2019 Order (ECF No. 161).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 12, 2019
Columbia, South Carolina