# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Deanna Brown-Thomas, *an individual and in her capacity as intestate heir and pending Personal Representative of the estate of her sister, the deceased Venisha Brown*; Yamma Brown, *an individual*; Michael D. Brown, *an individual*; Nicole C. Brown, *an individual*; Jeanette Mitchell Bellinger, *an individual*; Sarah LaTonya Fegan, *an individual*; Ciara Pettit, *an individual*; and Cherquarius Williams, *an individual*, <br><br> Plaintiffs, <br><br> v. <br><br> Tommie Rae Hynie, *an individual also known as Tommie Rae Brown*; James J. Brown, II, *an individual*; Russell L. Bauknight, *as the Personal Representative of the Estate of James Brown and Trustee of the James Brown I Feel Good Trust*; David C. Sojourner, Jr., *as the Limited Special Administrator of the Estate of James Brown and Limited Special Trustee of the James Brown I Feel Good Trust*; and Does, *1 through 10, inclusive*, <br><br> Defendants. | Civil Action No.: 1:18-cv-02191-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court upon Defendant Tommie Rae Hynie ("Hynie"), Defendant James J. Brown, II ("Brown II"), Defendant Russell L. Bauknight ("Bauknight"), and Defendant David C. Sojourner as the Limited Special Administrator's (the "LSA") (collectively, "Defendants") Motion to Dismiss or, in the Alternative, Motion to Reinstate Stay and Counterclaims (ECF No. 239).[1] Upon review of all parties' briefs, the applicable law, and for the reasons set forth below, the

---

[1] Hynie seeks reinstatement of her counterclaims and the stay because she is petitioning the South

1

court **DENIES** Defendants' Motion (ECF No. 239).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case befalls against the backdrop of a long-standing personal and legal battle between several entities (a) Plaintiffs—the adult children to the late African-American singer, James Brown ("Brown")—,(b) Defendant Hynie, (c) Brown II— Brown and Hynie's son and (d) Bauknight and the LSA—Fiduciaries of the James Brown Estate and Trust. The parties are undoubtedly plagued by a panoply of issues, some of which are irrelevant to the instant matter before the court, stemming from the years-long battle.

Plaintiffs allege, *inter alia*, that Hynie, Brown II, Bauknight, and the LSA have entered into various agreements with **one another** and that Hynie and Brown II have entered agreements with third parties, which contain terms—both known and allegedly concealed—intended to deprive Plaintiffs of their inalienable termination rights in violation of the Copyright Act. Specifically, Plaintiffs allege that the agreements provide Hynie control over Brown's compositions—to the exclusion of Plaintiffs.

Moreover, Plaintiffs plead that such agreements are "void under Sections 304(c)'s and 203's protective provisions which safeguard Plaintiffs' termination rights '[n]otwithstanding any agreement to the contrary' and which also place strict time limits on when a statutory heir may assign or encumber his or her termination interests." (ECF No. 1 at ¶¶ 68, 73-77); 17 U.S.C. §§ 304(c)(5), 304(c)(6)(D), 203(a)(5), 203(b)(2)-(4). Plaintiffs seek a declaratory judgment under the Copyright Act, 17 U.S.C. §§ 101 *et seq*, and the Declaratory Judgment Act, 28 U.S.C. § 2201,

---

Carolina Supreme Court to reconsider its decision regarding her spousal status (ECF No. 239-1 at 2), though Hynie has not provided this court with any documentation verifying this petition. Regardless, the court is not inclined to reinstate her counterclaims under the speculative event that she *may* have standing at some point in the future.

declaring the agreement(s) between Defendants, or the terms thereof, to be in violation of the Act's termination provisions and the federal principles and objectives guiding their enactment.

*James Brown's Death and Probate Issue*

Brown died on December 25, 2006, and left a will, disposing of his personal assets, and a trust, disposing of his music, commercial, and real estate assets. (ECF No. 1 at ¶ 41.) In January of 2007, Brown's will was submitted for informal probate in the probate court in Aiken County, South Carolina. (*Id.* ¶ 42.) Neither Hynie, nor Brown II, were named as beneficiaries of the will or trust. (*Id.* ¶ 43.) In 2007, Hynie and Brown II brought challenges to Brown's will and trust. (*Id.* at 11 ¶ 42.) Hynie filed for her spousal rights in South Carolina, which would have entitled her to a statutory elective share and a one-half omitted spouse's share, while Brown II asserted his right to a state statutory child share as a lawful heir. (ECF No. 80-1 at 3.) Plaintiffs, as Brown's adult children, also brought challenges to set aside his will. *See Wilson v. Dallas*, 743 S.E.2d 746, 750–51 (S.C. 2013); (*See also* ECF No. 80-1 at 3; ECF No. 80-2 at 29.) As a result of these collective challenges, Brown's will was submitted to the Probate Court of Aiken County, South Carolina. (ECF No. 1 at 11 ¶ 42.) Eventually, the Probate Court of Aiken County transferred the administration of James Brown's estate to the Aiken County Court of Common Pleas. (ECF No. 1 at 11 ¶ 43; ECF No. 80-1 at 4.)

*Hynie's Spousal Status*

In 2015, the Aiken County Court of Common Pleas determined that Defendant Hynie was the surviving spouse of James Brown. (ECF No. 80-1 at 6.) During that same year, the lower court held that Defendant Brown was the biological son and a lawful heir to James Brown. (ECF No. 101-4.) In 2018, the South Carolina Court of Appeals also held that Defendant Hynie was the surviving spouse of James Brown. *See In re Estate of Brown*, 818 S.E.2d 770, 776 (S.C. Ct. App.

2018) ("Therefore, we find the trial court did not err in finding [Defendant Hynie] was married to Brown."). However, on June 17, 2020, the South Carolina Supreme Court reversed the lower courts and determined that Hynie "is not the surviving spouse of James Brown." *In re Estate of Brown*, No. 2018-001990, 2020 WL 3263381, at *12 (S.C. June 17, 2020). On June 18, 2020, this court, in consideration of the South Carolina Supreme Court's determination, dismissed Defendant Hynie's Counterclaims, which were all predicated on her status as a surviving spouse because she "has no interests in Brown's Copyrights, and thus has no standing to bring any causes of actions predicated on such interests."[2]

## II. LEGAL STANDARD

A. <u>Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)</u>

When a defendant challenges the court's personal jurisdiction under Rule 12(b)(2), a plaintiff has "the burden of proving" that jurisdiction exists "by a preponderance of the evidence." *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). "[W]hen, as here, a district court rules on a Rule 12(b)(2) motion without conducting an evidentiary hearing or without deferring ruling pending receipt at trial of evidence relevant to the jurisdictional issue, but rather relies on the complaint and affidavits alone, 'the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge.'" *Id.*; *See also New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (noting that a plaintiff need only make a prima facie showing of jurisdiction when the court does not conduct an evidentiary

---

[2] In their Motion, Defendants incorrectly state, "this Court granted Plaintiffs/Counter-Defendants' Special Motion to Strike. . ." (ECF No. 239-1 at 2.) To be clear, this court denied Plaintiffs' Motion to Strike as moot and dismissed Defendants' counterclaims for lack of subject matter jurisdiction because Hynie has no standing to bring an action for interference with contractual relationship. (ECF No. 214.)

hearing). In deciding whether a plaintiff has met this burden, the court construes all disputed facts and draws all reasonable inferences from the proof in favor of jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993).

B. <u>Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6). . .does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc,* 7 F.3d at 1134. When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### III. DISCUSSION

A. <u>The Parties' Arguments</u>

Defendants urge this court to dismiss Plaintiffs' claims under the Copyright Act because the South Carolina Supreme Court ruled that Tommie Rae Hynie is not the surviving spouse of James Brown. (ECF No. 239-1 at 3.) Further expanded, Defendants' argument is as follows:

> If Mrs. Brown is not the surviving spouse of the late Mr. Brown, as determined by this Court in the text orders, Mrs. Brown has no interest in his copyright termination rights. Thus, this Court lacks subject matter jurisdiction over Plaintiffs' first cause of action under the Copyright Act predicated on the assumption that she is the surviving spouse. Consequently, the Court must dismiss Plaintiffs' copyright claims. Additionally, as demonstrated below, the Court should exercise its discretion to dismiss or decline to exercise supplemental jurisdiction over the Complaint's state law claims.

(ECF No. 239-1 at 4.)

In other words, Defendants simply contend that Plaintiffs have no basis to bring a claim against Hynie under the Copyright Act because termination rights under the Act are limited to the surviving spouse and issue heirs. (*Id*. at 3-4.) Conversely, Plaintiffs argue that Hynie's spousal status does not moot their federal claims under the Act because "an ultimate decision that Hynie is not Brown's surviving spouse will not by itself undo her prior conduct and agreements regarding federal termination rights, nor remedy the damages caused by such conduct." (ECF No. 241 at 13.) Continuing in this vein, Plaintiffs also allude to the notion that the South Carolina Supreme Court's determination of Hynie's spousal status could potentially *strengthen* Plaintiffs' claims if she "purported to act in such capacity in serving and filing termination notices under the Act regarding the Compositions and in entering into agreements with third parties regarding federal termination interests that did not belong to her." (ECF No. 241 at 10.)

6

Further, Plaintiffs argue that their federal claim against James Brown II is an independent basis for jurisdiction because James Brown II was unlawfully pre-assigned his termination interests in numerous Compositions in violation of the Act. (ECF No. 241 at 14.) Moreover, Plaintiffs argue that Hynie would be liable for any damages with respect to James Brown II as a minor because, as his mother, she formed the agreements as his agent. (*Id.*)

B.     The Court's Review

The sole issue before the court is whether the South Carolina Supreme Court's determination that Defendant Hynie is not the surviving spouse of James Brown moots Plaintiffs' core Copyright claim. It does not. In fact, this court has already addressed the issue in two previous Orders. Specifically, Defendants already argued twice that no injury could occur unless and until Defendant Hynie is determined to be the surviving spouse by the South Carolina Supreme Court. This court, in rejecting that argument, stated:

> Even though Defendant Hynie's spousal status is pending for review before the South Carolina Supreme Court, any determination about her marital status to James Brown will only impact what her termination interest is or is not, in relation to his other statutory heirs, under the Copyright Act's provisions. *See* 17 U.S.C. §§ 203(a)(1)(2), 304(c)(2). The South Carolina Supreme Court's decision will not impact or have any bearing about whether she or other Defendants *currently engaged* in a prohibited "agreement to the contrary" in violation of 17 U.S.C. §§ 203(a)(1)(2) and 304(c)(2), or if she or other Defendants *currently ignored* any of the Copyright Act's procedural delineations for the exercise of termination rights, the two principal allegations brought by Plaintiffs' Complaint. (*See* ECF No. 1 at 18–22 ¶¶ 66–77.)

(*See* ECF No. 183 at 27.) Similarly, the court, in rejecting the notion that the South Carolina Supreme Court's decision would affect Plaintiffs' Copyright claim, noted:

> Indeed, Plaintiffs' Complaint alleges that Defendants *have already* engaged in unlawful agreements under the Copyright Act and Defendant Hynie has already engaged in statutory terminations, which may have deprived them of proceeds.

(*Id*. at 15.)

As the court has already decided, the South Carolina Supreme Court's ruling pertaining to Hynie's spousal status does not moot Plaintiffs' claims against Hynie because the Complaint alleges actions that Hynie has already allegedly committed. While, in theory, Plaintiffs would not be able to bring *claims based on new actions taken because Hynie cannot take any further action as the surviving spouse,* the case before this court is predicated on actions allegedly already taken by Hynie and James Brown II.

Finally, Defendants request the court to, in the alternative, "reinstate Defendants' counterclaims." (ECF No. 239-1 at 7.) In support of their request for reinstatement, Defendants present the following argument:

> On July 1, 2020, Mrs. Brown filed a petition for rehearing of the South Carolina Supreme Court's June 17 opinion finding that Mrs. Brown is not the surviving spouse of the late Mr. Brown. If this Court denies Mrs. Brown's Motion to Dismiss because of the petition for rehearing, then accordingly, Mrs. Brown respectfully requests that the Court withdraw its text order of June 18, 2020 (ECF No. 233) lifting the stay granted on March 5, 2019 (ECF No. 154) until disposition of the petition for rehearing, since the text order states that it was based on Mrs. Brown not being the surviving spouse. By the same logic, Mrs. Brown respectfully requests that the Court withdraw its text order (ECF No. 234) dismissing Mrs. Brown's counterclaims until resolution of the petition for rehearing to the South Carolina Supreme Court.

(ECF No. 239-1 at 2.)

Put another way, Defendants are under the impression that because Hynie lacks standing to bring her counterclaims, which were premised on her spousal status, then this court lacks subject matter jurisdiction over Plaintiffs' causes of action as well. (ECF No. 239-1 at 2.) Defendants mistakenly contend that Plaintiffs' claims should be dismissed because they are also "predicated on the assumption that [Hynie] is the surviving spouse." (*Id*.) Defendants' logic is flawed and they compare apples to oranges. The notion that Defendants', now dismissed, counterclaims are no longer viable due to Hynie's lack of standing has **no bearing** on Plaintiffs' claims, which are

8

predicated on other allegations which are unrelated to Hynie's spousal status. For example, Plaintiffs allege that Hynie has "engaged in prior. . . conduct damaging to Plaintiffs, including entering into agreements with third parties that violate the Copyright Act." (ECF No. 120 at 14-17.)

While courts are not usually in the business of providing analogies, analogies are appropriate in certain situations[3]—and this is such a situation. By way of analogy, suppose Person A ("Jane") was a licensed vehicle driver who is at fault for a car accident with Person B ("Tom"). Further suppose that Tom sustains injuries due to Jane's conduct in driving negligently. After the accident, Jane's driver's license is revoked, and she loses the ability to legally drive again. Undoubtedly, Jane would be hard-pressed to convince this court that, as a matter of law, she is immune from a lawsuit brought by Tom ***because her driver status has changed, and she can no longer drive***. This hypothetical is logically indistinguishable from the facts of this case. Similarly, here, Defendants would have this court dismiss Plaintiffs' Copyright Act claim for no other reason than because she is no longer legally considered James Browns' surviving spouse. This is clearly erroneous. While Defendant Hynie has no standing to bring counterclaims, Plaintiffs still have standing to bring their claims against her for conduct that has allegedly already happened.

## IV. CONCLUSION

After careful consideration of Defendants' Motion to Dismiss (ECF No. 239) and all briefs filed, the court **DENIES** Defendants' Motion to Dismiss and, in the Alternative, to Reinstate Stay and Counterclaims (ECF No. 239).

**IT IS SO ORDERED.**

*J. Michelle Childs*

July 31, 2020                                                                                            United States District Court Judge

---

[3] *Cordero v. Warren*, No. CV-122136-MASDEA, 2018 WL 3756447, at *3 (D.N.J. Aug. 8, 2018) (court using analogy).