# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Deanna Brown-Thomas, *an individual and in her capacity as intestate heir and pending Personal Representative of the estate of her sister, the deceased Venisha Brown*; Yamma Brown, *an individual*; Michael D. Brown, *an individual*; Nicole C. Brown, *an individual*; Jeanette Mitchell Bellinger, *an individual*; Sarah LaTonya Fegan, *an individual*; Ciara Pettit, *an individual*; and Cherquarius Williams, *an individual*,<br><br>    Plaintiffs,<br><br>v.<br><br>Tommie Rae Hynie, *an individual also known as Tommie Rae Brown*; James J. Brown, II, *an individual*; Russell L. Bauknight, *as the Personal Representative of the Estate of James Brown and Trustee of the James Brown I Feel Good Trust*; David C. Sojourner, Jr., *as the Limited Special Administrator of the Estate of James Brown and Limited Special Trustee of the James Brown I Feel Good Trust*; and Does, *1 through 10, inclusive*,<br><br>    Defendants. | Civil Action No.: 1:18-cv-02191-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court upon Defendant Tommie Rae Hynie's ("Hynie") Motion for Reconsideration under Federal Rule of Civil Procedure 54(b). (ECF No. 263.) The above-captioned Plaintiffs have filed responsive briefing in opposition (ECF No. 277), to which Hynie filed a reply (ECF No. 278). For the reasons below, the court **DENIES** Hynie's Motion. (ECF No. 263.)

## I. FACTUAL, PROCEDURAL, AND STATUTORY BACKGROUND

This case befalls against the backdrop of a long-standing personal and legal battle between

1

several entities (a) Plaintiffs—the adult children to the late African-American singer, James Brown—,(b) Defendant Hynie, (c) Brown II—Brown and Hynie's son, and (d) Bauknight and the Limited Special Administrator of the Estate ("LSA")—Fiduciaries of the James Brown Estate and Trust. The parties are undoubtedly plagued by a panoply of issues, some of which are irrelevant to the instant matter before the court, stemming from the years-long battle.

*The Nature of Plaintiffs' Claims*

Plaintiffs allege, *inter alia*, that Hynie, Brown II, Bauknight, and the LSA have entered into various agreements with one another, and that Hynie and Brown II have entered agreements with third parties, which contain both known and allegedly concealed terms that are intended to deprive Plaintiffs of their inalienable termination rights in violation of the Copyright Act. Specifically, Plaintiffs allege that the agreements provide Hynie control over Brown's compositions—to the exclusion of Plaintiffs.

Moreover, Plaintiffs plead that such agreements are "void under Sections 304(c)'s and 203's protective provisions which safeguard Plaintiffs' termination rights '[n]otwithstanding any agreement to the contrary' and which also place strict time limits on when a statutory heir may assign or encumber his or her termination interests." (ECF No. 1 at ¶¶ 68, 73-77); 17 U.S.C. §§ 304(c)(5), 304(c)(6)(D), 203(a)(5), 203(b)(2)-(4). Plaintiffs seek a declaratory judgment under the Copyright Act, 17 U.S.C. §§ 101 *et seq*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, in part declaring certain disclosed and undisclosed agreements regarding copyright termination rights entered into by Defendants are "void, unenforceable, and prohibited as a matter of law and public policy." (ECF No. 1 at 21-22 ¶ 76.) Plaintiffs also seek injunctive relief "enjoining Defendants . . . from entering into or performing any agreement which directly or indirectly settles, waives, conveys or encumbers the termination rights and interests with respect to the Compositions[.]" (*Id.*

at 22 ¶ 77.)

*James Brown's Death and Will*

Brown died on December 25, 2006, and left a will disposing of his personal assets, and a trust disposing of his music, commercial, and real estate assets. (*Id.* at 11 ¶ 41.) In January of 2007, Brown's will was submitted for informal probate in the probate court in Aiken County, South Carolina. (*Id.* ¶ 42.) Neither Hynie nor Brown II were named as beneficiaries of the will or trust. (*Id.* ¶ 43.) In 2007, Hynie and Brown II brought challenges to Brown's will and trust. (*Id.* ¶ 42.) Hynie filed for her spousal rights in South Carolina, which would have entitled her to a statutory elective share and a one-half omitted spouse's share, while Brown II asserted his right to a state statutory child share as a lawful heir. (ECF No. 80-1 at 3.) Plaintiffs, as Brown's adult children, also brought challenges to set aside his will. *See Wilson v. Dallas*, 743 S.E.2d 746, 750-51 (S.C. 2013); (*see also* ECF No. 80-1 at 3; ECF No. 80-2 at 29.) As a result of these collective challenges, Brown's will was submitted to the Probate Court of Aiken County, South Carolina. (ECF No. 1 at 11 ¶ 42.) Eventually, the Probate Court of Aiken County transferred the administration of James Brown's estate to the Aiken County Court of Common Pleas. (ECF No. 1 at 11 ¶ 43; ECF No. 80-1 at 4.)

*Hynie's Spousal Status*

In 2015, the Aiken County Court of Common Pleas determined that Defendant Hynie was the surviving spouse of James Brown. (ECF No. 80-1 at 6.) During that same year, the lower court held that Defendant Brown was the biological son and a lawful heir to James Brown. (ECF No. 101-4.) In 2018, the South Carolina Court of Appeals also held that Defendant Hynie was the surviving spouse of James Brown. *See In re Estate of Brown*, 818 S.E.2d 770, 776 (S.C. Ct. App. 2018) ("Therefore, we find the trial court did not err in finding [Defendant Hynie] was married to

Brown."). However, on June 17, 2020, the South Carolina Supreme Court reversed the lower courts and determined that Hynie "is not the surviving spouse of James Brown." *In re Estate of Brown*, No. 2018-001990, 2020 WL 3263381, at *12 (S.C. June 17, 2020). On June 18, 2020, this court, in consideration of the South Carolina Supreme Court's determination, dismissed Defendant Hynie's Counterclaims, which were all predicated on her status as a surviving spouse because she "has no interests in Brown's Copyrights, and thus has no standing to bring any causes of actions predicated on such interests." Thereafter, Hynie alleges the South Carolina Supreme Court denied her request for a rehearing. (ECF No. 263-1 at 2.)

*Procedural Status*

On July 31, 2020, the court denied Hynie's Motion to Dismiss. (ECF No. 246.) One month later Hynie filed the instant Motion for Reconsideration under Rule 54(b). (ECF No. 263.) In her Motion, Hynie offers a new contention that Plaintiffs lack standing because a portion of the relief requested is inadequate to redress Plaintiffs' alleged injuries. (ECF No. 263-1.) Hynie also repeats prior arguments already addressed by the court. (*Id.*) Plaintiffs thereafter filed briefing in opposition to the motion (ECF No. 277), to which Hynie filed a reply (ECF No. 278).

## II. LEGAL STANDARDS

To establish Article III standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Hynie only disputes that Plaintiffs have shown "it is likely, as opposed to merely speculative that the injury will be redressed by a favorable decision." *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 189 (4th Cir. 2018), *reh'g denied* (Jan. 28, 2019), *cert. denied*, 140 S. Ct.

4

111 (2019) (quoting *Sierra Club v. U.S. Dep't of the Interior*, 899 F.3d 260, 284 (4th Cir. 2018)).

Moreover, when reconsidering an interlocutory judgment, the Federal Rules of Civil Procedure provide the following:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A federal district court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops. Despite the inherent flexibility embodied within Rule 54(b), the United States Court of Appeals for the Fourth Circuit has mindfully cautioned that "the discretion afforded by Rule 54(b) 'is not limitless,' . . . ." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Specifically, the Fourth Circuit has emphasized that a federal district court's revision pursuant to Rule 54(b) is "cabined . . . by treating interlocutory rulings as law of the case." *Carlson*, 856 F.3d at 325 (citations omitted). Although Rule 54(b) provides a federal district court with discretion to revisit an earlier ruling, "such discretion is 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Accordingly, as explicitly mandated by the Fourth Circuit, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (quoting *Carlson*, 856 F.3d at 325). While this standard resembles the standard under Rule 59(e), it accounts for "potentially different evidence discovered during litigation as opposed to the discovery of 'new evidence not available at trial.'" *Carlson*, 856 F.3d at 325 (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). At issue in the instant Motion is whether the court committed a clear error of law or allowed manifest injustice. (ECF No. 246.)

In evaluating a Rule 54(b) motion for an error of law or manifest injustice in an order, courts are "not persuaded that reconsideration is appropriate based on arguments that have already been considered and rejected by the court." *Sanders v. Lowe's Home Centers, LLC*, No. 0:15-CV02313-JMC, 2016 WL 5920840, at *4 (D.S.C. Oct. 11, 2016); *U.S. Home Corp. v. Settlers Crossing, LLC*, C/A No. DKC 08–1863, 2012 WL 5193835, at *3 (D. Md. Oct. 18, 2012); *see Sanders v. Wal-Mart Stores E.*, No. 1:14-CV-03509-JMC, 2016 WL 6068021, at *2 (D.S.C. Oct. 17, 2016).

### III. ANALYSIS

Hynie's contentions in the instant Motion to Reconsider fall into two categories: new and old. First, Hynie asserts for the first time that the court lacks subject matter jurisdiction specifically because Plaintiffs only seek *prospective* injunctive and declaratory relief under the Copyright Act. (ECF No. 263-1 at 5-6.) Hynie claims the South Carolina Supreme Court's ruling that she is not the surviving spouse means she can no longer buy or sell any alleged termination rights and thus cannot perform the future conduct Plaintiffs seek to enjoin. (*Id.* at 6-7.) Hynie's supposition

appears to be based on a lack of standing for want of a redressable injury.[1]

Second, Hynie echoes past positions already considered by the court. She renews her prior argument that the Copyright Act claim must be dismissed because, as of June 17, 2020, she has no termination interests and the court therefore lacks subject matter jurisdiction. (ECF No. 263-1 at 5-6.) For support, Hynie again points to the court's prior Order dismissing her counterclaims based on her lack of termination interests in an attempt to show Plaintiffs' Copyright Act claim is now likewise moot. (*Id.*) Hynie further emphasizes the court's illustrative example in its prior Order[2] was incorrect. (*Id.* at 9-16.) Lastly, Hynie repeats her request for the court to dismiss Plaintiffs' declaratory judgment claim and decline supplemental jurisdiction on the remaining claims. (*Id.* at 19.)

Plaintiffs respond to Hynie's new contentions by explaining their requested relief would properly redress their injuries. (ECF No. 277 at 14-15.) Specifically, Plaintiffs emphasize that such relief "focuses on present, imminent and future harm to Plaintiffs' termination interests from

---

[1] The court assumes without deciding that Hynie's new challenge to subject matter jurisdiction through standing is, for the first time, properly before the court in the instant Motion for Reconsideration under Rule 54(b). *See CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (noting challenges to subject matter jurisdiction for Article III standing generally arise under Rule 12(b)(1)).

[2] The court offered the following example at the end of its prior Order:

> [S]uppose Person A ("Jane") was a licensed vehicle driver who is at fault for a car accident with Person B ("Tom"). Further suppose that Tom sustains injuries due to Jane's conduct in driving negligently. After the accident, Jane's driver's license is revoked, and she loses the ability to legally drive again. Undoubtedly, Jane would be hard-pressed to convince this court that, as a matter of law, she is immune from a lawsuit brought by Tom **because her driver status has changed, and she can no longer drive**. This hypothetical is logically indistinguishable from the facts of this case. Similarly, here, Defendants would have this court dismiss Plaintiffs' Copyright Act claim for no other reason than because she is no longer legally considered James Browns' surviving spouse. This is clearly erroneous.

(ECF No. 246 at 9 (emphasis in original).)

Hynie's unlawful agreements and Defendants' business dealings based on such agreements, which are ongoing both in substance and effect."[3] (*Id.* at 20.) As for Hynie's old challenges, Plaintiffs point out that reused arguments are not proper under Rule 54(b). (*Id.* at 8-9.) Plaintiffs go further and ask the court to sanction Hynie to pay for "Plaintiffs' reasonable costs and attorney's fees in opposing her frivolous Rule 54(b) motion given that her prior motions on the same exact ground [have been] at least thrice rejected by the [c]ourt." (*Id.* at 28-30.)

Here, the court denies Hynie's Motion for Reconsideration. The court finds Hynie's latest arguments related to subject matter jurisdiction are meritless, as it is likely the requested declaratory and injunctive relief would redress Plaintiffs' injuries. Plaintiffs seek a declaratory judgment that the above agreements are "void, unenforceable, and prohibited as a matter of law and public policy." (ECF No. 1 at 21-22 ¶ 76.) This relief could indeed redress Plaintiffs' claims, as it would void certain agreements that Plaintiffs allege caused past and ongoing injuries. Moreover, Plaintiffs request "a permanent injunction[] enjoining Defendants, their officers, agents and employees, and all persons acting in concert with them, from entering into or performing any agreement which directly or indirectly settles, waives, conveys or encumbers the termination rights and interests with respect to the Compositions[.]" (*Id.* at 22 ¶ 77.) This injunction would likely provide relief by prohibiting Hynie from "performing any [potentially unlawful] agreement" into which she had previously entered. (*Id.*) Such relief would likely redress Plaintiffs' professed ongoing injuries as plead. As the requested relief is proper, the court finds it retains subject matter jurisdiction over Plaintiffs' Copyright Act claim.

Hynie's remaining contentions must be discarded because they amount to "reiterate[d]

---

[3] Indeed, the court notes the parties still contest whether certain undisclosed agreements are discoverable in this case, leading Plaintiffs to file their pending Motion to Compel. (ECF No. 257.)

arguments previously rejected by the court." *U.S. Home Corp.*, 2012 WL 5193835, at *3; *Wal-Mart Stores*, 2016 WL 6068021, at *3. Hynie seeks to dispel this notion by claiming she "principally argue[s] why the [c]ourt's view based on the 'accident analogy' was clearly erroneous." (ECF No. 278 at 1-2.) But the example at issue did not provide additional legal analysis or discussion; it merely illustrated simple logical reasoning in another context to show the unsoundness of Hynie's argument here. In fact, the court's ruling would have remained unchanged if the one-paragraph example was absent from the Order. (ECF No. 246 at 9.)

Even so, the court observes that Hynie's arguments, including her criticisms of the court's analogy, substantively mirror her prior disputations in the Motion to Dismiss and other motions. Specifically, Hynie reiterates the need to dismiss the Copyright Act claim because the South Carolina Supreme Court ruled she was not the surviving spouse, and thus effectively stripped Hynie of termination rights and removed subject matter jurisdiction[4] (ECF No. 239-1 at 2, 3-4); that Plaintiffs suffered no injuries while Hynie was considered the presumptive spouse with termination rights (ECF No. 213 at 13-27); and, even if Hynie injured Plaintiffs as the presumptive spouse, such claims would arise under state law rather than the Copyright Act (ECF Nos. 81 at 13-18; 101 at 5-10; 213 at 9-11). Hynie has likewise previously argued the court should decline supplemental jurisdiction if it dismissed Plaintiffs' sole federal claim. (ECF Nos. 81 at 22-23; 101 at 12-23; 239-1 at 4-6.) These repetitive contentions are not appropriately brought under Rule 54(b) because the court has already properly considered and rejected them. Moreover, Hynie's past and present arguments have not shown that the court committed a clear error of law or manifest injustice. Indeed, Hynie's supportive briefing is tellingly sparse on citations to or analysis of

---

[4] Before the Supreme Court ruled, this court repeatedly rejected Hynie's assertion that, if the Supreme Court found she was not the surviving spouse, then she could not have injured Plaintiffs. (*See, e.g.,* ECF No. 246 at 7.)

binding (or persuasive) legal precedent. (ECF Nos. 263-1, 278.)

At bottom, Hynie's retreaded dissents have all but worn through. Hynie has now brought three motions to dismiss (ECF Nos. 81, 101, 239) and two motions to reconsider the denial of these motions (ECF Nos. 213, 263). As cited above, Hynie has regurgitated many of the same contentions throughout her past motions. The court has again carefully reviewed these arguments and determines Hynie's Motion for Reconsideration must be denied.[5] (ECF No. 263.)

## IV. CONCLUSION

After careful consideration, the court **DENIES** Defendant Hynie's Motion to Reconsider. (ECF No. 263.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 14, 2020
Columbia, South Carolina

---

[5] The court declines to impose the sanctions sought by Plaintiffs at this time.