# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Deanna Brown-Thomas, *an individual and in her capacity as intestate heir and pending Personal Representative of the estate of her sister, the deceased Venisha Brown*; Yamma Brown, *an individual*; Michael D. Brown, *an individual*; Nicole C. Brown, *an individual*; Jeanette Mitchell Bellinger, *an individual*; Sarah LaTonya Fegan, *an individual*; Ciara Pettit, *an individual*; and Cherquarius Williams, *an individual*, <br><br>        Plaintiffs, <br><br>v. <br><br>Tommie Rae Hynie, *an individual also known as Tommie Rae Brown*; James J. Brown, II, *an individual*; Russell L. Bauknight, *as the Personal Representative of the Estate of James Brown and Trustee of the James Brown I Feel Good Trust*; David C. Sojourner, Jr., *as the Limited Special Administrator of the Estate of James Brown and Limited Special Trustee of the James Brown I Feel Good Trust*; and Does, *1 through 10, inclusive*, <br><br>        Defendants. | Civil Action No.: 1:18-cv-02191-JMC <br><br><br><br><br><br><br><br><br><br>**ORDER AND OPINION** |

Before the court is Defendant Tommie Rae Hynie's Second Motion to Compel a calculation of damages from Plaintiffs.[1] (ECF No. 314.) The above-captioned Plaintiffs entered a Response (ECF No. 316), to which Hynie offered a Reply (ECF No. 319). Hynie claims Plaintiffs' damages disclosures in response to this court's prior discovery Order "provide[] no numerical calculations and no method for Defendants to calculate the alleged damages," instead simply

---

[1] Additional facts are available in the court's prior Order and Opinion regarding Plaintiffs' First Motion to Compel. (*See* ECF No. 283.)

outlining "a recitation of types of alleged damages." (ECF No. 314-1 at 5.) Hynie also asks the court to sanction Plaintiffs. (*Id.* at 7-10.)

In response, Plaintiffs begin by citing to the Advisory Committee's notes on Federal Rule of Civil Procedure 26, which state "a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person." (ECF No. 316 at 4 (emphasis removed).) Further, citing to a handful of district court cases from across the nation, Plaintiffs emphasize that their provision of "detailed formulas," rather than any numerical figures, is sufficient to satisfy the court's past Order compelling a calculation of damages. (*Id.* at 5-8.)  Plaintiffs maintain that the real problem is not their damages disclosures, but instead Defendants' lack of document production: "Plaintiffs cannot calculate a specific dollar amount of damages until Defendants provide documents as to their full business dealings regarding the musical compositions and termination interests in question." (*Id.* at 6.)

In essence, Plaintiffs have offered the following for a calculation of damages.

- For Counts Three and Four, they seek "100% of the financial proceeds received by any Defendant . . . [for] termination interests . . . under the Disclosed Settlement Agreement and/or the Undisclosed Agreement and compensation paid or payable to Tommie Rae Hynie under the Undisclosed Agreement. (*Id.* at 5.)

- For Counts Five and Six, they ask for (i) the difference in amount Plaintiffs actually received from "the agreements unilaterally negotiated and entered into by Hynie with Warner Chappell Music ("WCM") re: five [particular c]ompositions[,]" versus the fair market value that Plaintiffs could have received "but for Defendants' interference"; (ii) the amount Defendants received for these compositions "after the effective termination date of Plaintiffs' statutory terminations of such [c]ompositions"; and (iii) "lost profits, including legal interest, from the inability to sell in the music publishing industry the US copyrights to approximately 325 [c]ompositions due to Defendants' encumbering of such [c]ompositions." (*Id.* at 5-6.)

- Lastly, to calculate "fair market value and lost profits," Plaintiffs provide the following "detailed formula": "Plaintiffs will employ a multiple of 15 x the 5-year historical average annual publishing revenues from such Compositions in the territory of the United States,

reflecting current industry standards for Compositions of iconic musical artists like James Brown."[2] (*Id.* at 6.)

Amended Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). The scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense, and (3) proportional to the needs of the case. *E.g.*, *Gordon v. T.G.R. Logistics, Inc.*, Case No. 16-cv-00238-NDF, 2017 WL 1947537, at *2 (D. Wyo. May 10, 2017). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Wilson v. Decibels of Or., Inc.*, Case No. 1:16-cv-00855-CL, 2017 WL 1943955, at *2 (D. Or. May 9, 2017) (quoting *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (internal citations omitted)).

If a party fails to make a disclosure required by Rule 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B).

"Federal Rule of Civil Procedure 26(a)(1)(A) requires a party, 'without awaiting a discovery request,' to provide 'a computation of each category of damages claimed by the

---

[2] Plaintiffs note the remaining claims "do not involve an award of damages." (ECF No. 316 at 6 n.1.) Further, Plaintiffs maintain they have provided an "Amended Damages Disclosure" to Hynie since the filing of the instant Motion (ECF No. 316 at 8), although Hynie still takes issue with this amended version (*see* ECF No. 319 at 2).

disclosing party.'" *Albert S. Smyth Co. v. Motes*, No. CV CCB-17-677, 2019 WL 10959830, at *1 (D. Md. May 9, 2019) ("While Motes argues that his damages calculation is dependent on financial and accounting information he has yet to receive from Smyth, Motes has a duty to provide a calculation of his damages at this stage in the litigation, although it may be subject to future supplementation.") (citing *Dickman v. Banner Life Ins. Co.*, Civil No. RDB-16-192, 2017 WL 4342064, at *6 (D. Md. Sept. 28, 2017) (response that "the question is 'premature at this early stage in the litigation' is a totally inadequate response")). Compliance with Rule 26's damages disclosures require "some analysis," and the parties "cannot rely on general statements." *LaFleur et al v. State Univ. Sys. of Fla. et al*, No. 8:20-CV-1665-KKM-AAS, 2021 WL 963938, at *1 (M.D. Fla. Mar. 15, 2021) (citing *Boldstar Tech., LLC v. Home Depot USA, Inc.*, No. 07-80435-CIV, 2008 WL 11320010, at *2 (S.D. Fla. Feb. 28, 2008)).

Here, the court finds Plaintiffs violated a narrow portion of this court's prior discovery Order by failing to provide a sufficient calculation of damages. (*See* ECF No. 301.) Another of the court's previous Orders—wherein the court recently ruled that Hynie committed discovery violations (*see* ECF No. 317)—may well reveal additional information relevant to the calculation of damages for Counts Five and Six in the future.[3] However, the information currently in Plaintiffs' possession surely can provide a fuller picture of potential damages for at least a portion of these claims. For instance, it is unclear to the court why Plaintiffs have not employed their "detailed formula" to calculate the "fair market value" and/or "loss of profits" related to the compositions.

As Plaintiffs state it, they simply must "employ a multiple of 15 x the 5-year historical average annual publishing revenues from such [c]ompositions in the territory of the United States,

---

[3] The court refers to Plaintiffs' "Claims for Relief" listed in the Complaint as "Counts." (*See* ECF No. 1.)

4

reflecting current industry standards for [c]ompositions of iconic musical artists like James Brown." (*See* ECF No. 316 at 5-6.) Nowhere do Plaintiffs assert that Defendants are in the sole possession of the historical annual average of such publishing revenues. Further, in their recent Motions to Compel, it does not appear that Plaintiffs specifically contended Hynie or Bauknight failed to provide this information. (*See* ECF Nos. 304, 309, 318.) Plaintiffs likewise do not aver they require expert testimony or other assistance to employ this formula to calculate the "fair market value" and "loss of profits" of the relevant compositions.

Armed with these figures, Plaintiffs could at bare minimum determine potential damages regarding the amount Plaintiffs actually received from Hynie's purported unilaterally-negotiated agreement with WCM, compared to what Plaintiffs could have received, i.e., the fair market value of the compositions covered by the WCM agreement. The court thus finds Plaintiffs violated its discovery Order compelling them to provide a calculation of damages.

Yet for the remaining portions of Counts Five and Six, the court finds Plaintiffs' damages disclosures are sufficient at this time.[4] In particular, Plaintiffs insist they cannot calculate a figure for damages in part because they apparently do not know the amount Defendants received for certain compositions "after the effective termination date of Plaintiffs' statutory terminations of such [c]ompositions"; as well as any "lost profits, including legal interest, from the inability to sell in the music publishing industry the US copyrights to approximately 325 [c]ompositions due to

---

[4] The court previously ruled Plaintiffs could not "decline to calculate their damages simply because they lack discovery." (ECF No. 301 at 17.) Plaintiffs have now provided (at bare minimum) the broad methods in which they intend to calculate their damages, and insist Defendants' lack of discovery is preventing more specific calculations. But Plaintiffs' argument is a double edged blade: either Hynie and Bauknight have improperly withheld responsive documents that, when produced in the near future, will allow at least an *estimation* of damages (which Plaintiffs insist they cannot currently calculate); or after the upcoming close of discovery and resolution of all Motions to Compel, Plaintiffs will be left with insufficient evidence to even *approximate* damages, much less prove them.

Defendants' encumbering of such [c]ompositions." (ECF No. 316 at 5-6.) Given the court again recently ordered Hynie to answer certain Requests for Production that are relevant to these issues, and coupled with the fact that Plaintiffs have filed a Motion to Compel similar information from Bauknight, the court believes Plaintiffs' damages disclosures on these matters are adequate for the time being.[5] And as noted above, Plaintiffs relatedly have represented "they lack the documents or evidence necessary to come to a specific damages figure." (*Id.* at 5.) Further, Defendants are already on notice of potential damages for these claims, as it seems they would or should be in possession of any such materials, and thus can readily estimate at least an approximation of damages based on Plaintiffs' disclosures.[6]

Likewise, the court finds Plaintiffs did not violate the court's discovery Order regarding Counts Three and Four. As noted above, the court recently ruled that Hynie violated the court's previous discovery Order regarding the production of materials related to the undisclosed agreement. (*See* ECF No. 317.) Plaintiffs have not provided a particular numerical figure for damages stemming from the disclosed and undisclosed agreements because it seems they are unable to do so with the information currently in their possession. (*See* ECF No. 316 at 5.) Moreover, Defendants are on notice of possible damages for these claims, as Plaintiffs seek "100% of the financial proceeds" from certain compositions bought and sold under various agreements. The true amount of this figure—be it small or substantial—is likely known to Defendants, as they would have been parties to such agreements. The court also notes that Plaintiffs have correctly

---

[5] But the sufficiency of such damages disclosures will not last long, as the close of discovery is rapidly approaching, and with it the deadline for any additional motions to compel.

[6] For instance, if Hynie in fact "is not aware of anyone encumbering approximately 325 [c]ompositions" as she insists, and she otherwise played no part in any such encumbrances, then her calculation of potential damages for this claim would be zero, as she would in all likelihood not be liable. (*See* ECF No. 314-1 at 7 n.2.)

acknowledged they will further amend such damages disclosures as Defendants produce any relevant information. (*See id.* at 8.)

Lastly, the court holds in abeyance its determination of any potentially appropriate sanctions against Plaintiffs until the pending Motion to Confirm Confidential Designations (ECF No. 297); Plaintiffs' Motion to Compel Bauknight (ECF No. 318); the Order Holding in Abeyance the Determination of Sanctions Against Hynie (ECF No. 317); and/or the upcoming mediation scheduled for March 24, 2021 (ECF No. 315) are resolved.

After careful consideration, the court **GRANTS** in part and **DENIES** in part Hynie's Second Motion to Compel as set forth herein. (ECF No. 314.) The court **HOLDS IN ABEYANCE** its determination of any potential sanctions to impose against Plaintiffs as set forth above.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

March 22, 2021
Columbia, South Carolina

7